UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTIAN CEDENO,<br><br>      Plaintiff,<br><br>v.<br><br>PIECE OF CAKE MOVING + STORAGE LLC, AND JOE DOE,<br><br>      Defendants. | Civil Action<br><br>Case No.: 1:24-cv-05207-SJB |

**DEFENDANT, PIECE OF CAKE MOVING & STORAGE LLC'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant, Piece of Cake Moving & Storage LLC (improperly pled as Piece of Cake Moving + Storage LLC, hereinafter "Defendant" or "Piece of Cake"), through their counsel Genova Burns LLC, by way of answer to the Complaint ("Complaint") filed by plaintiff, Cristian Cedeno, (hereinafter referred to as "Plaintiff") (ECF No. 1), hereby states as follows:

<u>**NATURE OF THE ACTION**</u>[1]

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies same.

2. Defendant admits that Plaintiff purports to bring this action pursuant to the statutes cited in Paragraph 2 of the Complaint, but denies there is any basis in law or fact for the claims asserted against the Defendant. To the extent a response is required, the allegations are denied.

3. Defendant admits that Plaintiff purports to bring this action pursuant to the causes of action

---

[1] Defendant uses the headings in Plaintiff's Complaint for the convenience of the reader only, and no admission of any fact, assertion or allegation is made or implied thereby.

cited in Paragraph 3 of the Complaint, but denies there is any basis in law or fact for the claims asserted against the Defendant. To the extent a response is required, the allegations are denied.

## JURISDICTION

4. The statements in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent Paragraph 4 contains factual allegations, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations and leaves Plaintiff to his proofs.

## VENUE

5. The statements in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent Paragraph 5 contains factual allegations, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations and leaves Plaintiff to his proofs.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and leaves Plaintiff to his proofs.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph 12 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. Paragraph 13 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. Admitted.

15. Paragraph 15 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. Paragraph 16 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. Paragraph 17 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. Admitted.

19. Paragraph 19 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. Paragraph 20 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. Paragraph 21 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. Denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies same.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies same.

## FACTUAL ALLEGATIONS

40. Denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies same.

42. Denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore denies same.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore denies same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore denies same.

## CAUSES OF ACTION
## ASSAULT

47. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

48. The statements in Paragraph 48 of the Complaint are legal conclusions to which no

response is required. To the extent the statements contain factual allegations, they are denied.

49. The statements in Paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Count I of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## BATTERY

55. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

56. The statements in Paragraph 56 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

57. Denied.

58. Denied.

59. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Count II of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## INTERFERENCE WITH PERSON OR PROPERTY – OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS

60. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

6

61. The statements in Paragraph 61 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

62. Denied

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

WHEREFORE, Defendant demands judgment dismissing Count III of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

68. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

69. The statements in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

70. The statements in Paragraph 70 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

WHEREFORE, Defendant demands judgment dismissing Count IV of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## NEW YORK LABOR LAW – UNPAID MINIMUM WAGES

75. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

76. Denied.

77. The statements in Paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

78. Denied.

79. Denied.

80. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Count V of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## FAIR LABOR STANDARDS ACT - RETALIATION

81. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

82. The statements in Paragraph 82 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

83. The statements in Paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

84. The statements in Paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. No response is required as the Complaint fails to make an allegation in Paragraph 89.

**WHEREFORE**, Defendant demands judgment dismissing Count VI of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## NEW YORK LABOR LAW – RETALIATION

90. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

91. The statements in Paragraph 91 of the Complaint are legal contentions to which no response is required. To the extent the statements contain factual allegations, they are denied.

92. The statements in Paragraph 92 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

93. The statements in Paragraph 93 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. No response is required as the statements in Paragraph 98 do not include allegations directed to the Defendant. To the extent the statements contain factual allegations, they are denied.

**WHEREFORE**, Defendant demands judgment dismissing Count VII of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## UNPAID SPREAD-OF-HOURS PAY

99. Defendant repeats and realleges its responses to the allegations contained in the previous

Paragraphs of the Complaint as if fully set forth herein.

100. The statements in Paragraph 100 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Count VIII of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

## NEGLIGENCE

105. Defendant repeats and realleges its responses to the allegations contained in the previous Paragraphs of the Complaint as if fully set forth herein.

106. The statements in Paragraph 100 of the Complaint are legal conclusions to which no response is required. To the extent the statements contain factual allegations, they are denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

**WHEREFORE**, Defendant demands judgment dismissing Count IX of the Complaint, with prejudice, and for such other relief as this Court shall deem just and proper.

117. To the extent Paragraph 117 requires a response, denied.

118. To the extent Paragraph 118 requires a response, admitted.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to the Complaint without assuming any burden of production or proof that it would not otherwise have.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole and/or part, fails to state a claim upon which relief may be granted. The Complaint does not state a viable cause of action which permits recovery of compensatory damages, punitive damages, emotional distress/pain and suffering damages, attorneys' fees, interest, or costs, nor is such relief available under governing law and/or the facts of this case.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or Plaintiff's failure to comply with the administrative and/or procedural prerequisites to bringing this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the Complaint in whole and/or part is barred by the doctrines

of estoppel, equitable estoppel, waiver, ratification, laches, unclean hands, good faith and fair dealing, and/or by Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by the Plaintiff was the result of the acts and/or omissions of Plaintiff, or third parties over whom the Defendant exercised no authority or control.

### FIFTH AFFIRMATIVE DEFENSE

Defendant took no action intentionally, negligently, or otherwise to cause Plaintiff to suffer damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages caused by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not breach any terms of any agreement with Plaintiff, or any duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exercise proper and reasonable diligence to mitigate damages that Plaintiff may have incurred, if any, or in the alternative, the damages claimed are limited to the extent that Plaintiff has failed to mitigate them.

### NINTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by the Plaintiff was the result of the contributory negligence of said Plaintiff. Plaintiff is barred from recovery by contributory negligence, which negligence is greater than that of this Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not a suable entity or a proper party-defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff was not an employee of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each and all claims contained therein (including claims for attorney's fees) are barred, in whole or in part, to the extent that Plaintiff lacks standing, has not suffered harm, and/or will not suffer any imminent and irreparable harm as a result of any alleged actions or conduct by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provision of the relevant workers' compensation statute.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's punitive damages claims are barred because at no time did Defendant engage in any discriminatory practices or actions intentionally, with malice, and/or with reckless disregard to Plaintiff's statutory rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

If any improper, illegal, or discriminatory acts were taken against Plaintiff, such acts were independent, intervening, and unforeseeable acts, occurring outside the course and scope of that employee's employment and/or that agent's agency, were contrary to Defendant's policies,

and were not condoned, ratified, confirmed, approved or acquiesced in by Defendant

## SEVENTEETH AFFIRMATIVE DEFENSE

Any action taken by Defendant with respect to Plaintiff, if any, was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint alleges conduct of which Defendant did not encourage or acquiesce in, or subsequently condone, and/or was not aware and should not have been aware.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff was properly compensated under the Fair Labor Standards Act (FLSA), the New York State Department of Labor Wage Orders, and/or the New York Labor Law.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times material to the complaint, plaintiff was properly classified as exempt from provisions of the FLSA and/or the New York Labor Law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the hours alleged were worked are not "hours worked" within the meaning of the FLSA, the New York State Department of Labor Wage Orders, and/or the New York Labor Law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any act or omission alleged to have given rise to Plaintiff's Complaint was in good faith and based on a reasonable belief that Defendant was in compliance with all applicable wage and

hour requirements, laws, rules, and regulations, including the FLSA and/or any other federal or state wage and hour laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff may not recover for non-compensable preliminary or postliminary work.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any uncompensated work time was de minimis and/or because any alleged damages are speculative.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any overtime payments owed cannot be calculated at more than one-half of each individual's regular rate of pay for the workweek in which he or she worked.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent defendant did not have actual or constructive knowledge of any such hours allegedly worked.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

In the event plaintiff is otherwise entitled to an award of damages against defendant (which plaintiff is not), plaintiff is not entitled to prejudgment interest.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has already received full payment of any alleged unpaid wages for disputed work performed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not fail to pay final wages when due.

### THIRTIETH AFFIRMATIVE DEFENSE

The, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff did work any alleged overtime, such work was not authorized by Defendant and performed without Defendant's knowledge.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Defendant's employees or agents acted contrary to Defendant's express or generally understood policies and procedures because such actions were not authorized and were outside the scope of their employment or agency.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, to the extent they state claims that entitle Plaintiff to relief, are subject to applicable damages caps or limitations.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

At all times relating to the averments contained in the Complaint, Defendant acted in full conformity with all applicable statutes and laws.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter or change the Answer upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order:

(1) Giving Plaintiff nothing by way of his claims herein;

(2) Entering judgment in favor of Defendant on all claims;

(3) Dismissing the Complaint with prejudice;

(4) Awarding Defendant the attorneys' fees it has incurred in defending this action as may be just, proper and in accordance with the law;

(5) Awarding Defendant the costs of suit it has incurred in this action as may be just, proper and in accordance with the law; and

(6) Award Defendant such relief as may be just, proper and in accordance with the law.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury on all issues that are so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Defendant, through counsel, hereby certify that, to the best of their knowledge, the subject matter of this proceeding is not the subject of any other pending court action, or any pending arbitration or administrative proceeding.

## CERTIFICATE OF SERVICE

On the date hereof, I, Lawrence Bluestone the undersigned, served the foregoing Answer, Affirmative Defenses via ECF upon all counsel of record.

Dated: October 28, 2024

**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*

By: /s/ Lawrence Bluestone
LAWRENCE BLUESTONE, ESQ.
115 Broadway, 15th Fl.
New York, NY 10006
973-535-4434
lbluestone@genovaburns.com