

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

Jessica B.  Kim, Esq.
Associate
Member of NJ & NY Bar
Jkim@GenovaBurns.com
Direct Dial:  973.230.2082

February 21, 2025

**VIA ECF**
Honorable Rachel P. Kovner, U.S.D.C.
United States District Court - Eastern District of New York,
225 Cadman Plaza East, Courtroom 4E-N
Brooklyn, New York 11201

       Re:    **Cristian Cedeno v. Piece of Cake Moving & Storage LLC.,** *et al.*
              **Case No.: 1:24-cv-05207-RPK-RML**

Dear Judge Kovner,

      This firm represents Piece of Cake Moving & Storage LLC ("Piece of Cake" or "Defendant") in the above-referenced matter. Pursuant to Section IV(B) of Your Honor's Individual Motion Practice and Rules, Defendant submits this letter to inform the Court that Plaintiff's counsel has been served with a copy of Defendant's Notice of Motion for Leave to File a Third-Party Complaint, supporting brief, declaration of the undersigned, with exhibits, a certification of service, and a proposed form of order.

      Plaintiff's Complaint alleges he suffered damages as a result of his employment with Piece of Cake on or about August 7, 2023. Plaintiff's claims are improperly directed to Piece of Cake as he was employed by Lena Moving, Inc. ("Lena Moving") and/or Miro Saranovic ("Saranovic"), non-parties whom Piece of Cake seeks to implead in this action through its proposed third-party complaint. Moreover, pursuant to an independent contractor agreement, Piece of Cake seeks to have Lena Moving and Saranovic defend and indemnify Piece of Cake against Plaintiff's claims to undertake the total defense of this suit, including total costs for any judgments awarded, and attorneys' fees and costs of the suit.

      We thank Your Honor for her time and attention to this matter.

               Respectfully,
               **GENOVA BURNS LLC**
               */s/ Jessica Kim*
               JESSICA B. KIM, ESQ.

cc: Clifford Tucker, Esq. (via email ctucker@saccofillas.com )

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CRISTIAN CEDENO,

     Plaintiff,

v.

PIECE OF CAKE MOVING + STORAGE
LLC, AND JOE DOE,

     Defendants.

**NOTICE OF MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

**Case No.: 1:24-cv-05207-RPK-RML**

TO:    Clifford Tucker, Esq.
       Sacco & Fillas LLP
       3119 Newtown Avenue, 7th Floor
       Astoria, New York 11102
       ctucker@saccofillas.com

      **PLEASE TAKE NOTICE THAT** the undersigned attorneys for defendant, Piece of Cake

Moving & Storage ("Defendant") will move before the Honorable Rachel P. Kovner, United States

District Judge for the Eastern District of New York, at the United States District Court, U.S.

Courthouse, 225 Cadman Plaza East, Courtroom 4E-N, Brooklyn, New York 11201, for leave to

file a Third Party Complaint pursuant to Federal Rule of Civil Procedure 14.

      **PLEASE TAKE FURTHER NOTICE THAT** for the purposes of this motion, the

Defendant shall rely upon the supporting brief and certification of Jessica B. Kim, Esq., with the

proposed Third-Party Complaint attached as Exhibit A, which are being filed and served

simultaneously herewith.

      **PLEASE TAKE FURTHER NOTICE THAT** oral argument is respectfully requested if

the motion is opposed.  A proposed Order and Certificate of Service is also submitted herewith.

**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*

By: /s/ Jessica B. Kim
JESSICA B. KIM, ESQ.
(Admitted Pro Hac Vice)
115 Broadway, 15th Floor
New York, NY 10016
Telephone: (973) 533-0777
jkim@genovaburns.com

Dated: February 21, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CRISTIAN CEDENO,

     Plaintiff,

v.

PIECE OF CAKE MOVING + STORAGE
LLC, AND JOE DOE,

     Defendants.

Case No.: 1:24-cv-05207-RPK-RML

---

## MEMONDORANDUM OF LAW IN SUPPORT OF DEFENDANT PIECE OF CAKE MOVING & STORAGE'S MOTION FOR LEAVE TO FILE <u>A THIRD-PARTY COMPLAINT</u>

Lawrence Bluestone, Esq.
Jessica B. Kim, Esq. (*Pro Hac Vice*)
**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*
115 Broadway, 15th Floor
New York, NY 10016
Telephone: (973) 533-0777
jkim@genovaburns.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND........................................ 1

    I.   Plaintiff's Complaint.................................................................................................. 1

    II.  Piece of Cake's Proposed Third-Party Complaint .......................................................... 1

LEGAL ARGUMENT ........................................................................................................ 3

    THE COURT SHOULD PERMIT PIECE OF CAKE'S PROPOSED THIRD-PARTY COMPLAINT BECAUSE IT STATES VALID CLAIMS AND WOULD NOT PREJUDICE PLAINTIFF. ........................................................................ 3

    A.   Piece of Cake's Proposed Third-Party Complaint states valid claims for breach of contract, indemnification and contribution................................................ 4

    B.   Piece of Cake has not delayed in seeking leave to file its Third-Amended Complaint and there will be no prejudice if the motion is granted.............................. 8

CONCLUSION............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Amguard Ins. Co. v. Getty Realty Corp.*,
   147 F. Supp. 3d 212 (S.D.N.Y. 2015)..................................................................7, 8

*Amusement Indus., Inc. v. Stern*,
   693 F. Supp. 2d 319 (S.D.N.Y. 2010)....................................................................8

*Facilities Dev. Corp. v. Miletta*,
   584 N.Y.S.2d 491 (2d Dep't 1992)........................................................................7

*Falcone v. Marinemax, Inc.*,
   659 F. Supp. 2d 394 (E.D.N.Y. 2009) ...............................................................3, 4

*First Am. Title Ins. Co. v. Ram Abstract, Ltd.*,
   No. 23-CV-6462, 2024 WL 4250323 (E.D.N.Y. August 19, 2024)........................5

*Gerritsen v. Glob Trading Inc.*,
   No. 06 CV 3756, 2009 WL 262057 (E.D.N.Y. Feb. 4, 2009) ................................5

*Hicks v. Long Island R.R.*,
   165 F.R.D. 377 (S.D.N.Y. 1996) ..........................................................................3

*Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture*,
   No. 06 Civ. 181, 2007 WL 2405689 (S.D.N.Y. Aug. 24, 2007), *aff'd sub nom.*
   *In re Century/ML Cable Venture,* 311 F. App'x 455 (2d Cir. 2009).......................7

*iBasis Glob., Inc. v. Diamond Phone Card, Inc.*,
   278 F.R.D. 70 (E.D.N.Y. 2009) ........................................................................3, 4

*Intellipayment, LLC v. Trimarco*,
   No, 15-CV-01566, 2016 WL 1239261 (E.D.N.Y. March 29, 2016) .......................4

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*,
   875 F.3d 107 (2d Cir. 2017)..................................................................................5

*Smith v. Sapienza*,
   52 N.Y.2d 82 (1981) .............................................................................................8

*Too, Inc. v. Kohl's Dep't Stores, Inc.*,
   213 F.R.D. 138 (S.D.N.Y. 2003) ..........................................................................9

**Statutes**

Fair Labor Standards Act ...................................................................................................1

New York Labor Law ........................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 14(a) .........................................................................................................3

Federal Rules of Civil Procedure Rule 14 .....................................................................3, 4

Defendant Piece of Cake Moving & Storage ("Piece of Cake") respectfully submits this Memorandum of Law in support of its Motion for leave to file a Third-Party Complaint.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

**I.    Plaintiff's Complaint**

Plaintiff, Cristian Cedeno ("Plaintiff") initiated this action by way of filing a complaint (the "Complaint") on July 25, 2024, arising from injuries allegedly sustained on or about August 7, 2023. (ECF No. 1, ¶ 7.)  Plaintiff alleges that he was employed by Piece of Cake on August 7, 2023, as a laborer to move, unload and reload furniture between Sands Street and Gold Street in Kings County, New York. (*Id.* ¶¶ 7, 40.)  According to Plaintiff, he worked from 7:45 a.m. to 6:45 p.m. (*Id.* ¶ 41.)

Plaintiff asserts that at the end of the day, he brought up concerns regarding his pay of $120.00 for an entire day's work to an unidentified individual, "John Doe." (*Id.* ¶ 42.) Plaintiff alleges that John Doe, who Plaintiff contends was acting as an agent, employee, servant or assign of Piece of Cake, violently pushed Plaintiff off a truck bed which caused Plaintiff to hit his head against the street. (*Id.* ¶¶ 43, 45.) Plaintiff asserts eight claims against Piece of Cake: Assault; Interference with Person or Property - Outrageous Conduct Causing Emotional; Fair Labor Standards Act - Unpaid Minimum Wages; New York Labor Law - Unpaid Minimum Wages; Fair Labor Standards Act- Retaliation; New York Labor Law- Retaliation; Unpaid Spread-of-Hours Pay; and Negligence. (ECF No. 1.)

**II.    Piece of Cake's Proposed Third-Party Complaint**

Piece of Cake and Lena Moving, Inc. ("Lena Moving") and Mirko Saranovic ("Saranovic") are parties to an Independent Contractor Agreement (the "Agreement") whereby Lena Moving and Saranovic agreed to provide and perform transportation, moving and logistics services for Piece

of Cake. (*See* Declaration of Jessica Kim ("Kim Decl.") Exhibit A.)[1]  Under the Agreement, Piece of Cake engaged Saranovic and Lena Moving as independent contractors to provide transportation, moving, and logistics services, including, loading, and unloading freight, padding or packing items for transport, driving trucks on public roads, carrying and moving boxes or freight, operating machinery such as lift gates, pallet jacks, and dollies for Piece of Cake. (*Id.* at ¶¶ 8 and 10.)

The Parties unequivocally agreed that no employer-employee relationship was being created under the Agreement. (*Id.* ¶ 9.) Furthermore, the Parties agreed that Saranovic and Lena Moving's employees/subcontractors would not be deemed employees of Piece of Cake. *Id.*

At all times, Saranovic and Lena Moving agreed to comply with all applicable laws and regulations. (*Id.* ¶ 11.) This covenant included compliance with all Federal, State, and local laws, ordinances, and regulations, in regard to the hiring, tenure, conditions of employment, discharging of employees, and payment of their wages. *Id.* Saranovic and Lena Moving promised to fully relieve Piece of Cake from and protect it against any responsibility or liability therefore in regard thereto. *Id.*

In its Proposed Third Amended Complaint, Piece of Cake alleges that Plaintiff was either employed by or an independent contractor of Lena Moving/Saranovic in connection with the events alleged in the Complaint.  (*Id.* ¶ 14.) On or about October 31, 2024, counsel for Piece of Cake wrote to Lena Moving and Saranovic demanding defense and indemnification pursuant to the terms of the Agreement. (*Id.* ¶ 15.). Despite this demand, to date, Lena Moving and Saranovic have failed to provide a response. *Id.*

For the following reasons set forth below, Piece of Cake requests for leave to file a Third-Party Complaint against Lena Moving and Saranovic for defense and indemnification against

---

[1] Piece of Cake's proposed Third-Party Complaint is attached as Exhibit A to the Kim Declaration, which attaches a copy of the Agreement.

Plaintiff's claims. (Kim Decl. Exhibit A.)

## LEGAL ARGUMENT

### THE COURT SHOULD PERMIT PIECE OF CAKE'S PROPOSED THIRD-PARTY COMPLAINT BECAUSE IT STATES VALID CLAIMS AND WOULD NOT PREJUDICE PLAINTIFF.

Rule 14 of the Federal Rules of Civil Procedure states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Court leave must be obtained if the defendant party seeks to file a third-party complaint more than 14 days after its original answer. Fed. R. Civ. P. 14(a).

"The Second Circuit has stated that the purpose of Rule 14(a) is 'to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant.'" *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (S.D.N.Y. 1996) (quoting *Dery v. Wyer*, 265 F.2d 804, 806-07 (2d Cir. 1959)).  Thus, "Rule 14(a) was designed 'to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim.'" *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2009) (quoting *Hines v. Citibank, N.A.,* No. 96-CV-2565, 1999 WL 440616, *2 (S.D.N.Y. June 28, 1999)).

In order to implead a non-party under Rule 14, the third-party action "must be dependent on, or derivative of, the main claim." *iBasis Glob., Inc.*, 278 F.R.D. at 74; *Falcone v. Marinemax, Inc.*, 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009). As such, "'Rule 14 provides a procedural mechanism whereby a defendant can have derivative, contingent claims against others not originally parties to the action adjudicated contemporaneously with the claims against it: it does

not create new substantive rights against those other parties.'" *Intellipayment, LLC v. Trimarco*, No, 15-CV-01566, 2016 WL 1239261, *3 (E.D.N.Y. March 29, 2016) (*quoting Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458 (S.D.N.Y. 1984)). It follows that impleading a third-party under Rule 14 is permissible where "the third-party defendant's liability to the third-party plaintiff [is] dependent upon the outcome of the main claim or the third-party defendant [is] potentially secondarily liable as a contributor to the defendant." *iBasis Glob., Inc.*, 278 F.R.D. at 74; *see Falcone*, 659 F. Supp. at 402. Where this requirement is met, "'[t]imely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *iBasis Glob., Inc.*, 278 F.R.D. at 74 (quoting *Fashion–In–Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, No. 97–CV–340, 1999 WL 500149, *6 (S.D.N.Y. July 15, 1999)).

In considering whether to grant a party's motion to implead a non-party, the Court analyzes the following factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the [plaintiff or] third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *iBasis Glob., Inc.,* 278 F.R.D. at 74; *Falcone*, 659 F. Supp. 2d at 402.

### A. Piece of Cake's Proposed Third-Party Complaint states valid claims for breach of contract, indemnification and contribution.

Defendant's proposed Third-Party Complaint asserts claims for breach of contract, and common law and contractual contribution and indemnification. Each claim is validly stated.

"To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of

defendant to perform; and (iv) damages." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 114 (2d Cir. 2017). "Where, as here, a court is determining whether a plaintiff has adequately stated a cause of action for breach of contract, all contractual ambiguities should be resolved in favor of the plaintiff." *Gerritsen v. Glob Trading Inc.*, No. 06 CV 3756, 2009 WL 262057, at *4 (E.D.N.Y. Feb. 4, 2009) (citing *Subaru Distribs. Corp. v. Subaru of Am., Inc.,* 425 F.3d 119, 122 (2d Cir. 2005)).

Here, Piece of Cake asserts in its proposed Third-Party Complaint that the Agreement was a valid contract. (Kim Decl. Exhibit A ¶ 8.) Lena Moving and Saranovic agreed to abide by the terms of the Agreement in providing transportation, moving and logistics services and to abide by all federal and state laws, including federal and state labor and employment laws.  (*Id.* ¶ 11.) However, Lena Moving and Saranovic failed to perform their obligations by allegedly "violently" pushing and failing to pay Plaintiff "promised compensation" on August 7, 2023, as alleged by the Plaintiff in his Complaint. (*Id.* ¶¶ 20-21.) If Plaintiff's allegations are proven true, the actions of Lena Moving and Saranovic in failing to adhere to federal and state labor and employment laws were a material breach of the Agreement. (*Id.* ¶ 22.) Accordingly, Piece of Cake has sufficiently pled the elements of a breach of contract claim in Count I.

As to its contractual indemnification claim, when construing contractual indemnification provisions, "[a] party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances." *First Am. Title Ins. Co. v. Ram Abstract, Ltd.,* No. 23-CV-6462, 2024 WL 4250323 *14-15 (E.D.N.Y. August 19, 2024) (citing *De Souza v. Empire Transit Mix, Inc.*, 155 A.D.3d 605 (2d Dep't 2017)).

In this matter, the indemnification provision contained in Paragraph 7 of the Agreement is

5

enforceable and clearly allocates Lena Moving and Saranovic to defend and indemnify Piece of Cake for any and all claims arising directly or indirectly from the Agreement. Specifically, Paragraph 7 of the Agreement provides:

> "The Contractor shall **defend, indemnify, and hold the Company harmless from any and all claims, demands, damages, suits, losses, liabilities and causes of action (together referred to as "Claims") arising directly or indirectly from this Agreement, or Contractor's, or Contractor's employees/subcontractors, relationship with Company or performance of the Services, including, but not limited to**: (a) Claims arising directly or indirectly from Contractor's, or Contractor's employees/subcontractors, association with the Company, whether as an independent contractor, employee, or otherwise, and the termination of that association; (b) Claims under federal, state or local laws, statutes, constitutions, treaties, regulations, rules, ordinances or orders, including, but not limited to, claims under the **New York Labor Law** […] the **Fair Labor Standards Act**, […], each as amended, or any other federal, state, or municipal law; (c) Claims, […] for overtime, commissions, or unpaid wages, whether based on common law or otherwise, and specifically includes all **claims for unpaid overtime,** improper deductions, travel time, **spread of hours pay**, […]; (d) any claims arising out of failure to withhold or pay taxes, provide unemployment or workers compensation benefits, maintain licenses or permits, damage to property, missing property, **respondeat superior**, negligent selection, hiring or supervision, and **personal injury** or death to any person, including Contractor and/or Contractor's employees/subcontractors; (e) […] (f) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, **torts,** intentional infliction of emotional distress, **negligence,** promissory estoppel, quantum meruit, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise. **The Company shall have the right independently to take, and the Contractor shall be obligated to pay for, whatever action the Company may deem necessary, including hiring legal counsel of its choice, in its sole discretion, to protect or defend itself against any legal action or threatened action subject to defense and indemnification."**

(Kim Decl. Exhibit A ¶ 12.) Again, if Plaintiff's allegations are proven and Piece of Cake is found to be liable for actions of Saranovic and Lena Moving, Saranovic and Lena Moving are obligated to defend and indemnify Piece of Cake against all the claims alleged in Plaintiff's Complaint. (*Id.* ¶ 29.) Thus, Piece of Cake states a valid contractual indemnification claim.

Moreover, common law indemnification under New York law "is a restitution concept

which results in a shifting of the loss 'because to fail to do so would result in the unjust enrichment of one party at the expense of the other.'" *Facilities Dev. Corp. v. Miletta,* 584 N.Y.S.2d 491, 495 (2d Dep't 1992) (quoting *Mas v. Two Bridges Assoc.*, 75 N.Y.2d 680, 690 (1990)). "Unlike contribution, common-law indemnity is 'barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff.'" *Amguard Ins. Co.,* 147 F. Supp. 3d at 220 (quoting *Monaghan v. SZS 33 Associates, L.P.,* 73 F.3d 1276, 1284 (2d Cir. 1996)). "[A] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture,* No. 06 Civ. 181, 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007), *aff'd sub nom. In re Century/ML Cable Venture,* 311 F. App'x 455 (2d Cir. 2009). The key element is a separate duty— the duty to indemnify is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor. *Amguard Insurance Co*., 147 F. Supp. 3d at 220.

Piece of Cake's proposed Third-Party Complaint alleges a duty owed explicitly and implicitly, by Lena Moving and Saranovic to Piece of Cake. (Kim Decl. Exhibit A ¶ 33.) Indeed, Lena Moving and Saranovic had an express and implied duty to Piece of Cake to ensure that work would be performed with care and in conformance with the law. Accordingly, Piece of Cake has sufficiently pled the elements of common law indemnification. *Id.*

New York law allows for a remedy of contribution where a tortfeasor pays more than its fair share of a judgment. *Amguard Ins. Co. v. Getty Realty Corp.,* 147 F. Supp. 3d 212, 217-18 (S.D.N.Y. 2015) (quoting *Rosado v. Proctor & Schwartz, Inc.,* 66 N.Y.2d 21, 23-24 (1985) ("Contribution arises automatically when certain factors are present and does not require any kind

7

of agreement between or among the wrongdoers. Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory")). "The crucial element in allowing a claim for contribution to proceed is that 'the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought.'" *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 319, 324 (S.D.N.Y. 2010) (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997)); *Amguard Ins. Co.*, 147 F. Supp. 3d at 218. Implicit in this analysis is the requirement that both the contributing party and the party seeking contribution owe a duty to the injured party, the violation of which caused the injury. *See Smith v. Sapienza*, 52 N.Y.2d 82, 87 (1981) ("A claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person.").

In the proposed Third-Party Complaint, Piece of Cake alleges that Lena Moving and Saranovic failed to perform their obligations under the Agreement. (Kim Decl. Exhibit A ¶ 37-38.) Specifically, if Piece of Cake is found to be liable to Plaintiff, because "John Doe" was employed by or an independent contractor of Saranovic and Lena Moving, Saranovic and Lena Moving would share in the responsibility in causing Plaintiff's alleged injury. (*Id.* ¶ 39.) Accordingly, Piece of Cake has sufficiently pled the elements of contribution.

**B.    Piece of Cake has not delayed in seeking leave to file its Third-Amended Complaint and there will be no prejudice if the motion is granted.**

Piece of Cake has not deliberately delayed or were derelict in filing this motion for leave to file its proposed Third-Party Complaint. The initial Complaint in this action was filed on July 25, 2024 (ECF No. 1), and Piece of Cake was served on or about August 27, 2024 (ECF No. 5.) On or about October 28, 2024, Piece of Cake filed an Answer in response to Plaintiff's

Complaint. (ECF No. 8.) Soon thereafter, Piece of Cake sent a letter to Lena Moving and Saranovic demanding defense and indemnification against Plaintiff's claims. However, no response was received.  (Kim Decl. Exhibit A ¶ 15.)

In addition, the Court adopted the parties' proposed discovery order, setting a deadline of February 24, 2025, for amendment of pleadings to add claims or join parties. (ECF No. 11 & Text Order dated Nov. 14, 2024) Since this motion is being made in accordance with the Court's discovery schedule, Piece of Cake's motion for leave has not unduly delayed.

Nor will Piece of Cake's anticipated Third-Party Complaint delay a trial in this action. Piece of Cake's proposed third-party claims are dependent upon the outcome of the claims in the primary action.  "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'" *Too, Inc. v. Kohl's Dep't Stores, Inc.,* 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).

The same or similar facts underlie both Plaintiff's claims against Piece of Cake and Piece of Cake's claims against Lena Moving and Saranovic. Plaintiff's claims arise from his alleged employment with Piece of Cake, which Piece of Cake disputes. It is Piece of Cake's position that Plaintiff was employed by Lena Moving and Saranovic on the date of accident and that any damages are attributable to them.

Thus, far from delaying or complicating the trial in this action, impleader would serve the purpose of judicial economy.  See *Too, Inc.*, 213 F.R.D. at 141 ("If the third-party complaint is not allowed, [Defendants] would have to start a separate action and repeat much of the proceedings and discovery that has already occurred in the case brought by [Plaintiff] against [Defendants].

Thus, the purpose of judicial economy would be served by allowing the third party complaint for contribution.").

Finally, allowing Piece of Cake to implead Lena Moving and Saranovic will not result in prejudice to either Plaintiff or Lena Moving and Saranovic. To the contrary, preventing Piece of Cake from impleading Lena Moving and Saranovic could result in prejudice to Lena Moving and Saranovic since they could be subject to non-party discovery in the instant action as well as discovery in a subsequent action against it by Piece of Cake. Moreover, Plaintiff will be prejudiced because, as noted above, the pursuit of his claim will not be delayed. Plaintiff and Piece of Cake have not engaged in substantive written discovery and depositions as the parties have agreed to early mediation currently scheduled for April 22, 2025. Thus, in the event that Lena Moving and Saranovic are impleaded in this action, there will be no delay to discovery and trial and no prejudice to the parties.

## CONCLUSION

For the reasons stated herein, Piece of Cake respectfully requests that its motion for leave to file a Third-Party Complaint against Lena Moving and Saranovic be granted in its entirety.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*

By: /s/ Jessica B. Kim
JESSICA B. KIM, ESQ.
(Admitted Pro Hac Vice)
115 Broadway, 15th Floor
New York, NY 10016
Telephone: (973) 533-0777
jkim@genovaburns.com

Dated: February 21, 2025

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CRISTIAN CEDENO,

      Plaintiff,

v.

PIECE OF CAKE MOVING + STORAGE
LLC, AND JOE DOE,

      Defendants.

**DECLARATION OF COUNSEL**
**JESSICA B. KIM**

**Case No.: 1:24-cv-05207-RPK-RML**

I, **JESSICA B. KIM**, of full age certifies as follows:

1.      I am an attorney at law of the State of New Jersey and an associate with the law firm of Genova Burns LLC, located at 494 Broad Street, Newark, New Jersey, attorneys for defendant Piece of Cake Moving & Storage ("Defendant" or "Piece of Cake") in this matter. As such, I have personal knowledge of the facts herein.

2.      Attached hereto as <u>Exhibit A</u> is a true and accurate copy of Defendant's proposed Third-Party Complaint.

3.      I declare under the penalty of perjury that the foregoing is true and correct.

      **GENOVA BURNS LLC**
      *Attorneys for Defendant,*
      *Piece of Cake Moving + Storage LLC*

      *By: /s/ Jessica B. Kim*
      JESSICA B. KIM, ESQ.
      (Admitted Pro Hac Vice)
      115 Broadway, 15th Floor
      New York, NY 10016
      Telephone: (973) 533-0777
      jkim@genovaburns.com

Dated: February 21, 2025

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRISTIAN CEDENO, | Case No.: 1:24-cv-05207-RPK-RML |
| Plaintiff, | |
| v. | |
| PIECE OF CAKE MOVING + STORAGE LLC, AND JOE DOE, | **PROPOSED** **THIRD-PARTY COMPLAINT** |
| Defendants, | |
| and | |
| PIECE OF CAKE MOVING & STORAGE LLC, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LENA MOVING INC. and MIRKO SARANOVIC, | |
| Third-Party Defendants. | |

Defendant/Third-Party Plaintiff, Piece of Cake Moving + Storage LLC ("Third-Party Plaintiff" or "Piece of Cake") by and through its attorneys, Genova Burns LLC, submit the following Third-Party Complaint against third-party defendants, MIRKO SARANOVIC ("Saranovic") and LENA MOVING INC. ("Lena Moving") (collectively, "Third-Party Defendants"), and states as follows:

**PARTIES AND JURISIDCTION**

1.      Third-Party Plaintiff, Piece of Cake brings this Third-Party Complaint in accordance with Federal Rule of Civil Procedure 14 because it arises out of the same transaction or occurrence that is the subject matter of plaintiff, Cristian Cedeno's ("Plaintiff") action.

2.      Piece of Cake is a limited liability company authorized to do business in the State of New York, with its principal place of business located at 405 Lexington Avenue, Suite 740, New York, New York 10174.

3.      Lena Moving is, upon information and belief, a corporation authorized to do business in the State of New York, with its registered office located at 34-32 10th Street, APT 2F, Astoria, New York 11106.

4.      Saranovic is, upon information and belief, a natural person and the owner and/or manager of Lena Moving.

## FACTUAL BACKGROUND

5.      This matter relates to economic and non-economic injuries allegedly sustained by the Plaintiff on August 7, 2023.

6.      Plaintiff's Complaint alleges he was employed by Piece of Cake on August 7, 2023, and suffered injuries as a result of being "violently pushed" off a truck bed and not being paid "the promised compensation."

7.      Plaintiff's Complaint asserts the following eight causes of actions against Piece of Cake: Assault; Interference with Person or Property - Outrageous Conduct Causing Emotional; Fair Labor Standards Act - Unpaid Minimum Wages; New York Labor Law - Unpaid Minimum Wages; Fair Labor Standards Act- Retaliation; New York Labor Law- Retaliation; Unpaid Spread-of-Hours Pay; and Negligence.

8.      Pursuant to an Independent Contractor Agreement (the "Agreement") with Piece of Cake, Third-Defendants, Saranovic and Lena Moving performed transportation, moving and logistics services on August 7, 2023, and upon information and belief, employed the Plaintiff. A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

9.      Pursuant to the Agreement, Piece of Cake and Saranovic and Lena Moving (the "Parties"), agreed that no employer-employee relationship existed between Piece of Cake and Saranovic and Lena Moving. Furthermore, the Parties agreed that Saranovic and Lena Moving's employees/subcontractors would not be deemed employees of Piece of Cake.

10.     The Parties agreed that the purpose of the Agreement was to engage Saranovic and Lena Moving as an independent contractor to provide transportation, moving, and logistics services, including but not limited to, loading, and unloading freight, padding or packing items for transport, driving trucks on public roads, carrying and moving boxes or freight, operating machinery such as lift gates, pallet jacks, and dollies for Piece of Cake.

11.     At all times, Saranovic and Lena Moving agreed to comply with all applicable laws and regulations. This covenant included compliance with all Federal, State, and local laws, ordinances, and regulations, in regard to any and all said matters involving the hiring, tenure, conditions of employment, discharging of employees, and payment of their wages. Saranovic and Lena Moving promised to fully relieve Piece of Cake from and protect it against any responsibility or liability in regard thereto.

12.     Specifically, the indemnification provision of the Agreement in Paragraph 7 provides in relevant part:

> The Contractor shall **defend, indemnify, and hold the Company harmless from any and all claims, demands, damages, suits, losses, liabilities and causes of action (together referred to as "Claims") arising directly or indirectly from this Agreement, or Contractor's, or Contractor's employees/subcontractors, relationship with Company or performance of the Services, including, but not limited to**: (a) Claims arising directly or indirectly from Contractor's, or Contractor's employees/subcontractors, association with the Company, whether as an independent contractor, employee, or otherwise, and the termination of that association; (b) Claims under federal, state or local laws, statutes, constitutions, treaties, regulations, rules, ordinances or orders, including, but not limited to, claims under the **New York Labor Law** […] the **Fair Labor Standards Act**, […], each as amended, or any other federal, state, or municipal law; (c) Claims, […] for

3

overtime, commissions, or unpaid wages, whether based on common law or otherwise, and specifically includes all **claims for unpaid overtime,** improper deductions, travel time, **spread of hours pay**, […]; (d) any claims arising out of failure to withhold or pay taxes, provide unemployment or workers compensation benefits, maintain licenses or permits, damage to property, missing property, **respondeat superior,** negligent selection, hiring or supervision, and **personal injury** or death to any person, including Contractor and/or Contractor's employees/subcontractors; (e) […] (f) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, **torts,** intentional infliction of emotional distress, **negligence,** promissory estoppel, quantum meruit, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise. **The Company shall have the right independently to take, and the Contractor shall be obligated to pay for, whatever action the Company may deem necessary, including hiring legal counsel of its choice, in its sole discretion, to protect or defend itself against any legal action or threatened action subject to defense and indemnification.**

13.    Pursuant to the indemnification provision above which cover all the causes of actions pled against Piece of Cake in Plaintiff's Compliant, Saranovic and Lena Moving are obligated to defend and indemnify Piece of Cake against all the claims alleged in Plaintiff's Complaint.

14.    Plaintiff was employed by and/or an independent contractor of Lena Moving and/or Saranovic with respect to the incidents alleged in the Complaint.

15.    In a letter, dated October 31, 2024, Piece of Cake wrote to Saranovic and Lena Moving demanding defense and indemnification. Despite this demand, Saranovic and Lena Moving have failed to provide any response. As such, this suit follows.

16.    While denying any and all liability to the Plaintiff, Piece of Cake submits that in the event Piece of Cake is found liable for any damages owed to the Plaintiff, then such liability and all damages owed to the Plaintiff are rightfully the responsibility of Third-Party Defendants, Saranovic and Lena Moving.

## COUNT I
### Breach of Contract

17.    Piece of Cake repeats and realleges each and every allegation set forth in the foregoing paragraphs of this Third-Party Complaint as though fully set forth herein at length.

18.    Piece of Cake and Saranovic and Lena Moving were parties to a contract, namely the Agreement.

19.    Saranovic and Lena Moving acknowledged and assented to be bound by the terms of the Agreement and was fully aware of its duties.

20.    Nevertheless, Saranovic and Lena Moving failed to perform their obligations as required under the Agreement, which Plaintiff alleges has resulted in damages.

21.    Plaintiff alleges economic and non-economic losses as a result of being "violently pushed" off a truck bed and not being paid "the promised compensation" on August 7, 2023.

22.    The actions of Saranovic and Lena Moving in allegedly failing to adhere to federal and state labor and employment laws constitute a material breach of the contract.

23.    The actions of Saranovic and Lena Moving in failing to abide by the terms of the Agreement constitute a material breach of the contract.

24.    Saranovic and Lena Moving's breach of the Agreement directly and proximately caused Piece of Cake to suffer damages in the amount of any liability to Plaintiff in this action.

25.    To the extent Piece of Cake is liable to Plaintiff for any damages, they were caused by Saranovic and Lena Moving's breach of its obligations under the Agreement.

**WHEREFORE**, Piece of Cake demands judgment for compensatory and consequential damages, attorney fees and costs of suit, and other such relief as the Court deems equitable and just.

## COUNT II
### Contractual Indemnification

26.     Piece of Cake repeats and realleges each and every allegation set forth foregoing paragraphs of Third-Party Complaint as though fully set forth herein at length.

27.     In this action, Piece of Cake denies all liability against Plaintiff's claims, and asserts that any injuries sustained by the Plaintiff were attributable and/or caused by the sole liability of Saranovic and Lena Moving.

28.     Piece of Cake is entitled to contractual indemnification for all sums which it is adjudged liable as Saranovic and Lena Moving had an express and implied duty to Piece of Cake to ensure that work would be performed with care and in conformance with the law and the Agreement.

29.     Furthermore, by virtue of the indemnification provision in the Agreement, Saranovic and Lena Moving are obligated to contractually defend and indemnify Piece of Cake against Plaintiff's claims.

30.     As such, Saranovic and Lena Moving should rightfully be responsible for any damages Plaintiff proves to have suffered.

**WHEREFORE**, Piece of Cake demands judgment for common law and contractual indemnification, compensatory and consequential damages, attorney fees and costs of suit, and other such relief as the Court deems equitable and just.

## COUNT III
### Common-Law Indemnification

31.     Piece of Cake repeats and realleges each and every allegation set forth foregoing paragraphs of Third-Party Complaint as though fully set forth herein at length.

32.     In this action, Piece of Cake denies all liability against Plaintiff's claims, and asserts that any injuries sustained by the Plaintiff were attributable and/or caused by the sole liability of Saranovic and Lena Moving.

33.     Piece of Cake is entitled to common law indemnification for all sums which it is adjudged liable as Saranovic and Lena Moving had an express and implied duty to Piece of Cake to ensure that work would be performed with care and in conformance with the law and the Agreement.

34.     Thus, Saranovic and Lena Moving are obligated to defend and indemnify Piece of Cake against Plaintiff's claims.

35.     As such, Saranovic and Lena Moving should rightfully be responsible for any damages Plaintiff proves to have suffered.

**WHEREFORE**, Piece of Cake demands judgment for common law and contractual indemnification, compensatory and consequential damages, attorney fees and costs of suit, and other such relief as the Court deems equitable and just.

## COUNT IV
### Contribution

36.     Piece of Cake repeats and realleges each and every allegation set forth foregoing paragraphs of Third-Party Complaint as though fully set forth herein at length.

37.     As stated above, Saranovic and Lena Moving had a duty to comply with all federal and state labor and employment laws on August 7, 2023.

38.     To the extent that Plaintiff has been damaged, by any alleged failure to comply with federal and state labor and employment laws and/or the terms of the Agreement, Saranovic and Lena Moving are responsible for all or a portion of such damages.

39.    If Piece of Cake is ordered to pay damages to Plaintiff, Saranovic and Lena Moving are liable to Piece of Cake for all damages arising from Plaintiff's injuries.

**WHEREFORE**, Piece of Cake demands judgment for contribution, compensatory and consequential damages, attorney fees and costs of suit, and other such relief as the Court deems equitable and just.

**WHEREFORE**, by reason of the foregoing, Third-Party Plaintiff, Piece of Cake hereby respectfully requests the following relief:

(a) Entry of judgment in favor of Third-Party Plaintiff, Piece of Cake on each and every cause of action;

(b) That Third-Party Defendants, Saranovic and Lena Moving be held liable for the amount, if any, for which Third-Party Plaintiff, Piece of Cake may be liable as a result of claims asserted by Plaintiff in the main action;

(c) Award of compensatory and consequential damages;

(d) Costs of suit and attorneys' fees; and

(d) Such other and further relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Third-Party Plaintiff, Piece of Cake hereby demands a trial by jury on all issues that are so triable.

[Signature page follows]

8

**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*

By: /s/ Jessica B. Kim
JESSICA B. KIM, ESQ.
(Admitted Pro Hac Vice)
115 Broadway, 15th Floor
New York, NY 10016
Telephone: (973) 533-0777
jkim@genovaburns.com

Dated: February 21, 2025

# EXHIBIT A

DocuSign Envelope ID: 7CC50337-AAD4-451E-8E62-5726E25AA255



## PIECE OF CAKE MOVING & STORAGE, LLC
## 1.    INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement (the "Agreement") is made and entered into as of _____ (the "Effective Date") between PIECE OF CAKE MOVING & STORAGE, LLC (the "Company"), a New York State Limited Liability Company with a principal place of business at 287 Park Ave South Suite 631, New York, New York, 10010, and MIKKO SATANOVIC – LENA MOVING INC located at __34-32 10TH STR, ASTORIA NY, 11106__ (the "Contractor") (collectively, the "Parties")

**2.**

**WHEREAS,** the Company is a full service moving and storage company that facilitates the pickup and delivery of household goods, furniture, appliances, packages, parcels, etc. for its customers within the State;

**WHEREAS,** the Contractor represents and warrants that Contractor is an Independent Contractor for hire engaged in an independent business of his or her own which is authorized and licensed to provide delivery and/or transportation services within the State, that Contractor is not an employee of the Company, and no employer-employee relationship is being created under this Agreement;

**WHEREAS,** the Company requests the Contractor to perform services for it and may request the Contractor to perform other services in the future;

**WHEREAS,** the Company and Contractor agree that Contractor will furnish, perform, and provide services required for Company on the terms contained in this Agreement and the parties desire to reduce to writing their Agreement; and

**NOW THEREFORE,** in consideration of the promises and mutual covenants contained herein, for good and valuable consideration, the receipt and sufficiency which is hereby acknowledged, the Parties hereto agree as follows:

**1)    Term & Termination.** Company shall engage Contractor, and Contractor agrees to be engaged by the Company to provide Services, upon the terms and conditions hereinafter provided, for a period commencing on the date of the execution of this Agreement by Company ("Effective Date") and continuing until the twelve (12) month anniversary thereof (the "Term").

a)    **Termination Procedure.** This Agreement will terminate upon the expiration of the Term. The Contractor may terminate this Agreement, prior to the expiration of the Term, with or without cause upon thirty (30) days prior written notice to the Company. The Company may direct the Contractor to cease work during such notice period. The Company may terminate this Agreement, prior to the expiration of the Term, upon seven (7) days prior written notice to the Contractor without cause. However, in the event that the Company concludes, in its sole discretion, that the Contractor has breached any of the terms of this Agreement or any of Company's express policies, the Company may terminate this Agreement immediately. This Agreement and all of the rights and obligations and restrictions

1

Docusign Envelope ID: CVC953ZOYURPRE-PEM15726F Downas

provided hereunder shall terminate immediately and automatically upon occurrence of any of the following events: (i) Bankruptcy or receivership or dissolution of Contractor; (ii) Bankruptcy or receivership or dissolution of Company; or (iii) Breach of this Agreement by the Contractor as determined in Company's sole discretion.

b) **Obligations Upon Termination.** Contractor must cease providing service to the Company upon the effective date of termination. The Contractor will not be entitled to fees or other compensation for services rendered to the Company outside the Term of this Agreement. The Contractor will remain eligible to receive Fees, as they become earned, for Services rendered to the Company prior to termination in accordance with this Agreement. The Contractor shall not be entitled to lost profits for uncompleted work. Payment shall be made for that portion of the work that the Contractor completed to the satisfaction of the Company prior to termination and the Company shall have no further obligation to the Contractor for the payment of any other fees.

**2)** **Services to Be Performed by Contractor.** The Contractor shall perform and provide the following services and abide by the following duties, standards, covenants, and restrictions. The services, duties, standards, covenants, and restrictions described in this Section 2 are referred to herein, as the "Services."

a) **Scope of Services.** The Contractor shall provide transportation, moving, and logistics services to the Company's customers. Contractor's duties will include, but not be limited to, loading, and unloading freight, padding or packing items for transport, driving trucks on public roads, carrying and moving boxes or freight, operating machinery such as lift gates, pallet jacks, and dollies, as well as communicating with Company's customers, and staff. Services must be performed in a professional, courteous, and safe manner at all times. Contractor must assure that freight is loaded, transported, and carried in a manner that will not damage the freight or any personal or real property.

b) **Cooperation.** The Contractor shall always cooperate with the Company and its employees/subcontractors and shall cooperate and coordinate with any other independent contractors or agents affiliated with the Company. The Contractor shall incorporate the work product of any such employees/subcontractors and Independent Contractors in a manner appropriate to facilitate the completion of the work at hand.

c) **Equipment.** The Contractor will provide and maintain all equipment necessary for rendering the services, including, but not limited to, his/her own truck or vehicle, if applicable, dollies, moving blankets, and straps.

c) **Bill of Lading.** Each delivery performed by the Contractor hereunder must be evidenced by a Uniform Bill of Lading. Upon delivery to the Company's customers, the Contractor shall obtain a receipt showing the kind and quantity of products delivered to the customer of such order and shall cause said receipt to be signed by the customer. The Contractor agrees to immediately inform the Company of any changes, additions, adjustments, exceptions, revisions, and/or waivers made on the Bill of Lading or delivery receipt and to provide the Company with all information and documentation necessary to effectuate each job including using any documentation specifically requested by the Company.

d) **Requisite Skills.** In performing the Services, the Contractor must engage or utilize only trained driver(s) who possess the requisite skills to perform the Services required under this Agreement in accordance with industry standards. The Contractor must assure that any individuals involved in rendering the Services possess the skills and training necessary to perform the Services in

2

accordance with this Agreement, industry standards, and in a safe and lawful manner. The Contractor will incorporate any training received by the Company into the Services it performs for customers under this Agreement.

e) **Work orders.** Work orders for the Services will be communicated to the Contractor via the Company's dispatch software application. The Company will provide the Contractor with a log-in credential to access the details of each work order assigned to the Contractor. Each work order is identified by a unique lead number and specifies the anticipated freight to be moved, the preferred pickup time, pickup address, delivery address, and the customer contact information. The Contractor must strictly adhere to the details of each work order. The Contractor acknowledges that the Company does not guarantee that the Contractor will be assigned a minimum number of work orders or the same work orders.

f) **Manner, Time and Location.** The Contractor understands that while the Contractor shall be free to set his/her/its own work schedule, Contractor shall complete each job on behalf of the Company in a timely and efficient manner so as to ensure customer satisfaction whilst using its best efforts to at all times comply with customer specifications and the details of each work order.

g) **Right to Refuse Job Order**. The Contractor may reject work orders for good cause. Good cause includes, but is not limited to, scheduling conflicts, mechanical problems, temporary leaves, or labor shortages. In the event the Contractor chooses to reject any work for good cause as determined in the Company's sole discretion, the Contractor shall promptly notify the Company of such rejection so that such job may be offered to other contractors in a timely manner. The Contractor's repeated unavailability as determined at Company's sole discretion, or failure to meet the demands of Company's customers for timely delivery, may be grounds for the Company to limit or cease referring work assignments to the Contractor.

h) **Licenses and Permits.** While rendering Services to the Company, the Contractor must be authorized and licensed to provide delivery and/or transportation services in the states of New York and New Jersey and hold its pick-up, delivery and/or transportation services out to the general public for engagement to anyone who wishes to use its services. Prior to providing Services under the Agreement, and during the first calendar month of any subsequent year during which the Contractor continues performing Services under the Agreement, the Contractor shall provide the Company with a copy of any business license that is required by any jurisdiction in which the Contractor will perform Services in connection with the Agreement. The Contractor shall assure that any drivers that render services under this Agreement, are in compliance with DOT requirements related to holding a Commercial Driver's License (CDL). The Contractor shall also obtain and maintain any and all necessary permits and licenses and approvals to operate from the Contractor's principal place of business or other locations used by the Contractor under this Agreement. The Contractor agrees to be responsible for ensuring that the Contractor and any of its assistants, employees, and/or subcontractors comply with DOT requirements, including DOT regulations related to drug testing and the maintenance of drug testing records, and further agrees to produce all above-described DOT records to the Company within 24 hours if requested. All drivers used by the Contractor for performing the Services shall have the qualifications and licenses required by local, state, and federal law. The Contractor shall not use any unqualified or disqualified driver for any work for the Company under any circumstances.

i) **Accidents and Claims.** The Contractor shall immediately report any accident or potential claim to the Company involving Services under this Agreement. The Contractor and any of its agents shall cooperate fully with the Company with respect to any legal action, regulatory hearing or other similar proceeding arising from the Contractor's performance under this Agreement and/or use of

3

Company equipment. The Contractor shall, upon the Company's request, provide written reports, affidavits, attend hearings and trials and assist in securing evidence or obtaining the attendance of witnesses.

   j) **Compliance with Applicable Laws**. The Contractor will comply with all applicable laws and regulations. This covenant includes, without limitation, that in regard to (i) the hiring, tenure, conditions of employment, and discharging of employees and their hours of work and rate of and the payment of their wages, and (ii) the keeping of records, making of reports, and payment, collection, and/or deduction of Federal, State, and local taxes and contributions that the Contractor will keep and have available all necessary records and make all payments, reports, collections, and deductions and otherwise do any and all things to fully comply with all Federal, State, and local laws, ordinances, and regulations, in regard to any and all said matters so far as they affect or involve the Contractor's performance under this Agreement, all to fully relieve the Company from and protect it against any responsibility or liability therefore in regard thereto.

   k) **Standards of Conduct.** The Contractor, and the Contractor's employees/subcontractors must treat customers, Company's staff, and the public with civility, respect, and professionalism at all times when performing the Services. Independent Contractors or Contractor's employees/subcontractors shall refrain, at all times, from any conduct that creates an intimidating, hostile, sexualized, or abusive environment for customers, Company's staff, or the public in performing the Services.

   3) **Compensation and Payment.**

   a) **Fee Amount.** Unless stated otherwise in writing between the Parties, as payment for the Services and the covenants and obligations set forth herein, the Contractor shall receive compensation in accordance with the current fee schedule attached here as schedule a and incorporated herein by reference. The Parties may negotiate different commission amounts provided such arrangement is set forth in writing and signed by the Company.

   b) **Earned Fees.** For the purpose of calculating fees under this Agreement, fees are deemed earned when the following conditions are satisfied: (i) Contractor completes the services for a particular work order in accordance with this Agreement and the work order's terms, during the period in which this Agreement is in effect; (ii) Company has received payment in full from the customer for the sale of services with respect to which a fee is claimed to be payable, and (iii) Company has made all applicable deductions, as described in SCHEDULE A.

   c) **Deductions from Earned Fees.** At any time, Company may withhold from Contractor any Fees, whether earned or unearned, to pay down any amounts owed by the Contractor to the Company under this Agreement or any other. This paragraph includes any amounts owed by Contractor under Section 7 (indemnification) of this Agreement.

   d) **Payment.** Unless otherwise required by applicable law and/or this Agreement, earned fees shall be paid to the Contractor within 15 days after the fees have become earned. If a Customer is referred by the Company to collection as a result of non-payment by that Customer, no commission shall be paid until the full amount of any accounts receivable is paid in full. The Contractor shall render an invoice, manifest or other documents requested by the Company as a condition to payment for services performed by the Contractor pursuant to this Agreement. The Contractor acknowledges that in order to be paid for a work order, all required documentation pertaining to the same must be promptly completed and turned into the Company's office.

   e) **Fees for Service Rendered Prior to Termination.** If the Contractor renders

4

Services prior to the termination, the associated fees become earned after termination, the Company will pay Contractor the Fees as they become earned in the normal course of business in the same manner as they are paid to the Contractor during the Term of this Agreement. The Contractor is responsible for maintaining current payment information with the Company during the Term, and until all prospective fees are earned and paid to Contractor after termination.

     f)    **Cash on Delivery Skimming.** If the Contractor collects Cash on Delivery (COD) either in cash or check and fails to turn in the payment to the Company, the Company shall have the right to credit this amount as settlement monies paid by the Company to the Contractor in a sum equal to the Company's proportional share of the COD payment. Said failure to promptly turn in any funds collections is also grounds for termination of this Agreement and will be considered a material breach.

     g)    **Incomplete Work Orders.** The Contractor understands that its failure to complete a work order may result in Company withholding compensation for said work order unless the reason for such failure is out of Contractor's control as determined in the Company's sole discretion.

     h)    **No Guarantee of Work.** Contractor understands that the Company does not guarantee nor makes any representations or promises concerning Contractor receipt of tip/gratuity for any given job. Any monies received as tip/gratuity from the Customer shall be considered separate and additional compensation to the Contractor payable by the Customer and not the Company under any circumstance. The Contractor understands that tip/gratuity does not comprise a part of the negotiated compensation received from the Company for its services.

     i)    **Billing Disputes**. If the Contractor disputes his/her/its compensation or the billing to the customers, he/she should bring his/her/its records to the attention of the Company within seven (7) days so that the billing can be corrected to the customer and the Contractor's compensation can be corrected, if necessary.

     **4)**    **Operation Costs and Expenses.**

     j)    **Expenses Paid by Contractor.** Unless otherwise agreed-to in writing between the Parties, or otherwise provided by paragraph 4(b) below, the Contractor is responsible for and shall pay all operation costs and expenses including, but not limited to, tolls, ferries, base plates, repairs and maintenance, motor vehicle insurance, all equipment or supplies, in performing the services covered by this Agreement. The parties agree that the Company is not responsible for the Contractor's maintenance or other operational expenses. The Contractor understands and agrees that the Company shall not reimburse the Contractor for any such operation costs or other expenses. The Contractor shall be solely responsible for paying for any traffic and parking summonses issued to Contractor, Contractor's vehicle(s), or Company's vehicle(s) that were in the Contractors care when the summons was issued. Company shall not be liable to Contractor for any depreciation, loss or damage that may occur to the Contractor's vehicle or truck by collision, fire, theft or similar occurrence, accepting such loss or damage as may be caused by the Company, its agents, servants and employees.

     k)    **Expenses Paid by Company**. Notwithstanding the provisions of paragraph 4(a) above (Expenses Paid by Contractor), or any other terms in this Agreement, the Company agrees to pay, or reimburse, the following operation costs and expenses: (i) fuel costs associated with performing Services for each work order.

     **5)**    **Contractor Control of Services and Independent Contractor Status.**

     l)    **Independent Contractor Status.** The relationship of the Contractor to the Company during the term of this Agreement will be that of an Independent Contractor and not an

employee of the Company at any time, under any circumstances, or for any purpose, nor shall the Contractor's employees/subcontractors be deemed to be employees of the Company. Neither the Contractor nor its employees/subcontractors will be entitled to participate in any of the Company's pension, stock, bonus, profit sharing, retirement, health, or other employee benefit plans including vacation and/or sick pay. Neither party is the agent of the other nor shall have the right to bind the other by contract or otherwise, except as herein specifically provided. This Agreement does not and will not be construed to establish a partnership or joint venture. As an Independent Contractor, the Contractor has and shall retain sole responsibility for all workers' compensation, unemployment compensation, withholding, and employment taxes due to federal, state or local governments with respect to itself and any employees it might utilize, including, without limitation, any of his/her/its employees/subcontractors, in the performance of this Agreement. The Contractor acknowledges that it is not entitled to unemployment insurance, and that to the extent the Contractor wants to be covered for the same, the Contractor will procure its own insurance of that type.

m)    **Hiring and Control of Employees**. The Contractor may, at the Contractor's own expense, employ such assistants, consultants, employees, and other sub-representatives ("Contractor's Employees") as the Contractor deems necessary or prudent to perform the Services which the Contractor agrees to provide pursuant to this Agreement. The Contractor shall assume responsibility for and shall pay all compensation for the Contractor's employees/subcontractors, including but not limited to, salaries, commissions, bonuses and expenses. Neither the Contractor nor any of the Contractor's employees/subcontractors shall look to the Company for any compensation or expenses whatsoever, other than the fees for the Contractor set forth in Section 3 above (Compensation and Payment), which is all inclusive and wholly dependent upon the Services which the Contractor agrees to perform, and performs, pursuant to the terms of this Agreement. The Contractor shall maintain its own separate books and records concerning Contractor's employees/subcontractors. The Contractor is solely responsible for compliance with all laws as they pertain to employing or engaging the Contractor's employees/subcontractors, including but not limited to, all federal, state, and local employment laws and regulations. The Company reserves no right to control the Contractor's employees/subcontractors, nor the individuals the Contractor may hire. However, the Contractor's employees/subcontractors must meet at least the minimum standards set forth in this Agreement to be eligible to perform any Services covered by, or pursuant to, this Agreement. The Contractor agrees, prior to utilizing Contractor's employees/subcontractors to perform services, to execute legal agreements with each of the Contractor's employees/subcontractors that: (i) assure that they perform the services to the same standards, and subject to the same conditions, as provided by this Agreement, and (ii) clearly state that no employment or contractual relationship exists between the Contractor's employees/subcontractors and the Company. Any breach of the Terms of this Agreement by the Contractor's employees/subcontractors will constitute a breach by the Contractor. The Contractor shall be solely responsible for the training, and supervision of the Contractor's employees/subcontractors. The Contractor represents that the Contractor's employees/subcontractors are, or will be at the time of providing services, qualified and experienced in their profession. Prior to utilizing any of the Contractor's employees/subcontractors to perform the services, the Contractor shall obtain, and forward to the Company, a completed acknowledgement letter, signed by the Contractor and Contractor's employees/subcontractors in the form provided by SCHEDULE D included in this Agreement.

N)    **NON-EXCLUSIVE RELATIONSHIP.** THE CONTRACTOR IS FREE TO UTILIZE ITS EQUIPMENT AND EMPLOYEES/SUBCONTRACTORS IN ANY MANNER THAT IT WISHES TO CONTRACT WITH ANY THIRD PARTY AND TO CONDUCT SUCH OTHER BUSINESS AS IT MAY WISH AS LONG AS SUCH ACTION DOES NOT PRECLUDE OR INTERFERE WITH THE CONTRACTOR'S PERFORMANCE OF ITS OBLIGATIONS UNDER THIS AGREEMENT. NOTHING IN THIS AGREEMENT SHALL BE CONSTRUED TO PREVENT THE CONTRACTOR FROM PROVIDING DELIVERY SERVICES - AS A SOLE PROPRIETOR, AS AN

6

EMPLOYEE, AS AN INDEPENDENT CONTRACTOR, OR IN ANY OTHER CAPACITY - TO ANY OTHER ENTITY OR BUSINESS, INCLUDING BUT NOT LIMITED TO ANY COMPETITOR OF THE COMPANY, EXCEPT AS LIMITED BY THE NOTIFICATION, NON-SOLICITATION, AND CONFIDENTIALITY AGREEMENT EXECUTED BETWEEN THE PARTIES. THE CONTRACTOR REPRESENTS THAT IT DOES PERFORM SERVICES FOR ENTITIES OTHER THAN THE COMPANY AND THAT THE CONTRACTOR HOLDS ITSELF OUT TO THE PUBLIC AS AVAILABLE TO DO SO.

3.

O)    **TAX OBLIGATIONS.**  THE CONTRACTOR IS SOLELY RESPONSIBLE FOR FILING TAX FORMS AND PAYING ALL NECESSARY FEDERAL, STATE AND LOCAL TAXES, INCLUDING THE TIMELY PAYMENT OF ESTIMATED INCOME TAXES AND SELF-EMPLOYMENT TAXES.   NO INCOME, FEDERAL INSURANCE CONTRIBUTIONS ACT ("FICA"), FEDERAL UNEMPLOYMENT TAX ACT ("FUTA") OR STATE UNEMPLOYMENT TAXES OR OTHER EMPLOYMENT TAXES WILL BE PAYABLE BY THE COMPANY ON THE CONTRACTOR'S BEHALF OR ON BEHALF OF THE CONTRACTOR'S EMPLOYEES, IF ANY. THE CONTRACTOR AGREES TO HOLD HARMLESS, DEFEND AN INDEMNITY THE COMPANY FOR ANY CLAIMS, LOSSES, COSTS, FEES, OR LIABILITIES INCURRED IN RELATION TO THIS PARAGRAPH.  THE CONTRACTOR IS REQUIRED TO AND WILL SUBMIT A DULY EXECUTED IRS FORM W-9.  THE COMPANY WILL REPORT ALL COMPENSATION PAID TO THE CONTRACTOR VIA IRS FORM 1099 MISC.   THE CONTRACTOR SHALL PROVIDE TO THE COMPANY A TAX AFFIDAVIT, UPON REQUEST, CONFIRMING THAT THE CONTRACTOR HAS REPORTED AND PAID ALL STATE AND FEDERAL TAXES ON COMPENSATION RECEIVED.

6)    **Insurance**. The Contractor must maintain the following insurance policies.  The Contractor understands that allowing the required insurance policy, or policies, to lapse shall constitute a material breach of this Agreement and shall permit the immediate termination thereof, upon notice to the Contractor. The Contractor agrees to notify the Company immediately if notice of cancellation is received or non-renewal takes place.  An up-to-date insurance certificate or policy declaration page must be on file with the Company at all times. The Company shall be listed as an additional insured on each policy. The Contractor shall maintain, at its sole expense:

A)    **COMMERCIAL AUTO INSURANCE,** WHICH INCLUDES FREIGHT COVERAGE.   SUCH INSURANCE POLICY OR POLICIES SHALL HAVE AT LEAST THE MINIMUM POLICY LIMITS AND COVERAGES REQUIRED BY APPLICABLE STATE LAW AND REGULATION OR AS REQUIRED BY THE CUSTOMER FOR WHICH THE SERVICES ARE PERFORMED. THE POLICY SHALL EXPRESSLY PROVIDE THAT THE POLICY SHALL NOT BE CANCELED EXCEPT UPON THIRTY (30) DAYS PRIOR WRITTEN NOTICE TO THE COMPANY.

4.

B)    **GENERAL LIABILITY INSURANCE** WITH A COVERAGE LIMIT FOR EACH OCCURRENCE OF AT LEAST $1,000,000.00 AND AGGREGATE LIMIT OF AT LEAST $2,000,000.00. THE POLICY SHALL EXPRESSLY PROVIDE THAT THE POLICY SHALL NOT BE CANCELED EXCEPT UPON THIRTY (30) DAYS PRIOR WRITTEN NOTICE TO THE COMPANY.

C)    **WORKERS' COMPENSATION INSURANCE** OR OCCUPATIONAL ACCIDENT INSURANCE AND ANY MEDICAL INSURANCE COVERAGE REQUIRED BY STATUTE   OR   REGULATION   FOR   CONTRACTOR   AND   ALL   OF   ITS EMPLOYEES/SUBCONTRACTORS AUTHORIZED TO PERFORM WORK UNDER THIS AGREEMENT.

7

DocuSign Envelope ID: 7CC50337-AAD4-451E-B5E2-5726F25AA255

**7)** **Indemnification.** The Contractor shall defend, indemnify, and hold the Company harmless from any and all claims, demands, damages, suits, losses, liabilities and causes of action (together referred to as "Claims") arising directly or indirectly from this Agreement, or Contractor's, or Contractor's employees/subcontractors, relationship with Company or performance of the Services, including, but not limited to: (a) Claims arising directly or indirectly from Contractor's, or Contractor's employees/subcontractors, association with the Company, whether as an independent contractor, employee, or otherwise, and the termination of that association; (b) Claims under federal, state or local laws, statutes, constitutions, treaties, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York Corrections Law, including Sections 750-755 thereof, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, or municipal law; (c) Claims, (including Claims by any federal, state or local government authorities on Contractor's account or on the account of Contractor's Employees) for overtime, commissions, or unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges and retained gratuities arising from Contractor's, or Contractor's Employees', employment or engagement with Company, and all claims for other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, family and medical leave, sick or safe leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pensions, the use of information obtained by Company as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and local law; (d) any claims arising out of failure to withhold or pay taxes, provide unemployment or workers compensation benefits, maintain licenses or permits, damage to property, missing property, *respondeat superior*, negligent selection, hiring or supervision, and personal injury or death to any person, including Contractor and/or Contractor's employees/subcontractors; (e) loss, damage, or theft of freight, abandonment of route, damage to property; and (f) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, *quantum meruit*, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise. The Company shall have the right independently to take, and the Contractor shall be obligated to pay for, whatever action the Company may deem necessary, including hiring legal counsel of its choice, in its sole discretion, to protect or defend itself against any legal action or threatened action subject to defense and indemnification.

**8)** **Warranties and Covenants.** The Contractor represents, warrants and covenants, with the knowledge and understanding that the Company is entering into this Agreement in full reliance upon such representations, warranties and covenants, that:

5.

A)      THE CONTRACTOR IS AN EXPERIENCED AND TRAINED DRIVER, OR EMPLOYS EXPERIENCED TRAINED DRIVERS, WHO IS CUSTOMARILY ENGAGED IN AN INDEPENDENTLY ESTABLISHED TRADE, OCCUPATION, OR BUSINESS WHICH IS

8

DocuSign Envelope ID: 7C05033C7AA1B4441E BEB315726FBA0A95B

AUTHORIZED AND LICENSED TO PROVIDE DELIVERY AND/OR TRANSPORTATION SERVICES AND HOLDS ITS PICK-UP, DELIVERY AND/OR TRANSPORTATION SERVICES OUT TO THE GENERAL PUBLIC FOR ENGAGEMENT TO ANYONE WHO WISHES TO USE ITS SERVICES.

6.

B)	THE CONTRACTOR ACKNOWLEDGES THAT CONTRACTOR RETAINS THE RIGHT TO CONTROL THE MANNER AND METHOD OF PERFORMANCE OF HIS/HER/ITS DUTIES HEREUNDER.

7.

C)	THE CONTRACTOR IS CAPABLE AND WILLING TO FURNISH CONTRACTOR'S OWN SUPPLIES, EQUIPMENT AND TOOLS FOR RENDERING SERVICES PURSUANT TO THIS AGREEMENT.

8.

D)	THE CONTRACTOR ACKNOWLEDGES THAT CONTRACTOR HAS THE SOLE RESPONSIBILITY FOR OBTAINING AND SHALL BEAR THE ENTIRE COST AND EXPENSE OF ANY AND ALL WORKERS' COMPENSATION COVERAGE OR OCCUPATIONAL ACCIDENT INSURANCE.

9.

E)	THE CONTRACTOR ACKNOWLEDGES THAT THE COMPANY IS NOT RESPONSIBLE FOR TAX WITHHOLDINGS FROM THE FEES PAID TO CONTRACTOR FOR THE SERVICES PROVIDED HEREUNDER. THE CONTRACTOR SHALL PAY ALL TAXES AND WITHHOLDINGS DUE TO FEDERAL, STATE OR LOCAL GOVERNMENTS WITH RESPECT TO FEES PAID TO CONTRACTOR BY COMPANY HEREUNDER. THE CONTRACTOR SHALL RECEIVE AN INFORMATION RETURN KNOWN AS A STATEMENT FOR RECIPIENT OF NON-EMPLOYEE COMPENSATION (FORM 1099-MISC.) EACH CALENDAR YEAR IN WHICH GROSS FEES EXCEED $599.00. IN THIS MANNER, FEES PAID TO THE CONTRACTOR BY THE COMPANY DURING EACH CALENDAR YEAR WILL BE REPORTED TO THE IRS BY COMPANY.

10.

F)	THE CONTRACTOR ACKNOWLEDGES THAT CONTRACTOR SHALL NOT BE ELIGIBLE TO PARTICIPATE IN ANY COMPANY FRINGE BENEFIT PLANS SUCH AS PAID VACATION, RETIREMENT PLANS, HEALTH INSURANCE, MINIMUM WAGE OR SICK PAY.

11.

G)	THE CONTRACTOR ACKNOWLEDGES THAT IT IS FREE TO PROVIDE SERVICES WHICH ARE SIMILAR TO OR THE SAME AS THE SERVICES PROVIDED UNDER THIS AGREEMENT TO THIRD PARTIES, INCLUDING COMPETITORS OF THE COMPANY.

12.

H)	THE CONTRACTOR REPRESENTS AND WARRANTS THAT HE AND/OR HIS STAFF POSSESS ALL REQUIRED SKILLS, KNOWLEDGE, TOOLS, EQUIPMENT, PERMITS, LICENSES, AND/OR EDUCATION NEEDED TO PERFORM THE SERVICES PURSUANT TO THIS AGREEMENT.

13.

I)	THE CONTRACTOR WARRANTS THAT ANY FREIGHT TRANSPORTED FOR COMPANY, COMPANY'S CUSTOMERS, OR THE CUSTOMERS OF COMPANY'S AFFILIATES, CONTRACTORS, OR PARTNERS, WILL NOT BE DAMAGED, LOST, OR STOLEN WHILE UNDER CONTRACTOR'S CARE, AND THAT CONTRACTOR WILL NOT CAUSE DAMAGE TO ANY PERSONAL OR REAL PROPERTY WHILE PERFORMING CONTRACTOR'S SERVICES PURSUANT TO THIS AGREEMENT.

9)	**Notices.** Any notice requiring or permitted to be given hereunder shall be sufficient

9

if in writing, and sent by registered or certified mail, return receipt requested, to the parties at the following addresses or to such other addresses as either party may designate in writing to the other party:

If to Company:        Piece of Cake Moving & Storage LLC
                      287 Park Ave South Suite 631,
                      New York, New York, 10010

                      Attn: Vojin Popovic, President

If to Contractor:     LENA MOVING INC
                      34-32 10TH STR
                      ASTORIA, NY, 11065
                      Шаронов Юрий

**10)    General Provisions.**

p)    **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to principles of conflict of laws), including the application of any applicable statutes of limitations and equitable principles and the availability of any remedies.

q)    **Jurisdiction and Dispute Resolution.** Unless the Parties have executed, and not opted out of, the Arbitration Agreement annexed hereto as SCHEDULE B, or a similar agreement, each party consents and submits to the exclusive jurisdiction of the courts of the State of New York for the adjudication of any action or legal proceeding relating to or arising out of this Agreement and the transactions contemplated hereby (and each party agrees not to commence any action or legal proceeding relating thereto except in any such court). This paragraph applies to, but is not limited to, claims involving the following disputes, whether brought by Contractor or the Company or any agent acting on behalf of either: (i) disputes arising out of or relating to Contractor's relationship with the Company, including termination of the relationship; (ii) disputes arising out of or relating to any agreement governing the Company's engagement of Contractor; (iii) disputes arising out of or relating to payments made to Contractor for services provided; (d) disputes arising out of or relating to any other aspect of Contractor's relationship with the Company, past or present, whether arising out of or under federal, state or local statutory, regulatory and/or common law; (iv) disputes arising out of or relating to this Agreement or any portion of this Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability, or formation, or whether the Agreement or any portion of it is void or voidable; and (v) any disputes related to Contractor's use of Company's equipment. This paragraph also applies, without limitation, to claims or disputes regarding any federal, state or local wage-hour law; trade secrets; unfair competition; compensation; meal or rest periods; expense reimbursement; uniform maintenance; discrimination or harassment; and claims arising under the Americans with Disabilities Act, Age Discrimination in Employment Act, Family and Medical Leave Act, Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, Employee Retirement Income Security Act, and state or local statutes, if any, addressing the same or similar subject matters, and all other federal, state or local statutory and common law claims, including claims for breach of contract. Unless the Parties have executed, and not opted out of, the Arbitration Agreement annexed hereto as SCHEDULE B, or a similar agreement, Each party hereby irrevocably and unconditionally waives any objection which it may now or hereafter have to the laying of venue in such courts and agrees not to plead or claim in any such court that any such action

10

or legal proceeding brought in any such court has been brought in an inconvenient forum. Unless the Parties have executed, and not opted out of, the Arbitration Agreement annexed hereto as SCHEDULE B, or a similar agreement, each party hereto agrees that a final judgment in any such suit, action or proceeding brought in any such court shall be conclusive and binding upon such party and may be enforced in any other courts to whose jurisdiction such party is or may be subject by suit upon such judgment. **Any disputes subject to this paragraph must be resolved on an individual basis. Contractor may not bring or participate in any claims on a class or collective basis.**

r)    **Entire Agreement.** SCHEDULE A (Fees & Deductions), SCHEDULE B (Arbitration Agreement), SCHEDULE C (Notification, Non-Solicitation and Confidentiality Agreement), and SCHEDULE D (Acknowledgement Letter) are incorporated herein by reference. Contractor agrees to be bound by the terms contained therein. This Agreement, including all schedules and annexes, constitutes the entire understanding and agreement between Company and Contractor with regard to all matters contained herein. This Agreement may be amended, supplemented or interpreted at any time only by a written instrument duly executed by both parties.

s)    **Benefit.** This Agreement shall insure to the benefit of and be enforceable by the parties hereto, and their respective heirs, representatives, successors and assigns.

t)    **Assignment.** Neither party shall assign or transfer this Agreement or any of its rights or obligations hereunder, in whole or in part, without the prior written consent of the other party; provided that the Company may assign or transfer this Agreement or any or all of its rights or obligations under this Agreement from time to time without consent: (i) to a parent, subsidiary, or affiliate of the Company; or (ii) to an acquirer of all or substantially all of Company's business, equity or assets.

u)    **Waiver.** Any failure by a party hereto (collectively and/or individually referred to as the "non-waiving party") to insist upon the strict performance by the other party hereto of any provisions of this Agreement shall not be deemed waiver of any of the provisions hereof, and the non-waiving party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance by the other party of any and all of the provisions of this Agreement to be performed by the other party. Any consent by the Company or waiver of a breach of any provision of this Agreement by Contractor, whether express or implied, shall not constitute a consent to, waiver of, or excuse for any breach of any other provision or subsequent breach of the same provision.

v)    **Headings.** The headings of the paragraphs and subparagraphs of this Agreement are included for convenience only and will not affect the construction or interpretation of any of its provisions.

w)    **Use of Pronouns.** Use of the words "he", "him", or "himself' herein to refer to Contractor, shall be the same as the words "she", "her", "herself' or "it" or "itself' in the event Contractor is a female or is a corporation or other entity recognized under the applicable law.

x)    **Severability.** If any provision of this Agreement is or becomes invalid or non-binding, the parties shall remain bound by all other provisions hereof. In that event, the parties shall replace the invalid or non-binding provision with provisions that are valid and binding and that have, to the greatest extent possible, a similar effect as the invalid or non-binding provision, given the contents and purpose of this Agreement.

y)    **Construction**. In the event of an ambiguity or question of intent or interpretation, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

11

**IN WITNESS WHEREOF**, the Parties have executed this Independent Contractor Agreement on the date set forth below.

PIECE OF CAKE MOVING & STORAGE CONTRACTOR
LLC

Sign:                                    Sign: _Mopovclut Mapko_

_Vojin Popovic_                          Print: MIRKO SARANOVIC

                                         Title: PRESIDENT

Print: Vojin Popovic

                                         Date: _____

Title: President

Date: _____

12

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |
|---|
| CRISTIAN CEDENO, |
| Plaintiff, |
| v. |
| PIECE OF CAKE MOVING + STORAGE LLC, AND JOE DOE, |
| Defendants. |

**PROPOSED FORM OF ORDER**

**Case No.: 1:24-cv-05207-RPK-RML**

**THIS MATTER** having been opened to the Court by Jessica B. Kim, Esq.,[1] of Genova Burns LLP, attorneys for defendant, Piece of Cake Moving & Storage LLC ("Defendant") for the entry of an Order granting Defendant's Motion for Leave to file a Third-Party Complaint, and notice having been given to all counsel of record; and the Court having considered the papers filed in support thereof, and any papers filed in opposition thereto, and for good cause shown;

**IT IS ON THIS _____ DAY OF _____ 2025**;

(1) **ORDERED** that Defendant's Motion for Leave to file a Third-Party Complaint is granted in its entirety and that Defendant shall file the Third-Party Complaint within 10 days of this Order, and it is further

(2) **ORDERED** that a copy of this Order shall be deemed served upon all counsel of record by the Court through the ECF electronic filing system.

_____
Hon. Rachel P. Kovner, U.S.D.J.

---

[1] Admitted *Pro Hac Vice*.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CRISTIAN CEDENO, | |
|       Plaintiff, | **CERTIFICATION OF SERVICE** |
| v. | **Case No.: 1:24-cv-05207-RPK-RML** |
| PIECE OF CAKE MOVING + STORAGE LLC, AND JOE DOE, | |
|       Defendants. | |

I, **JESSICA B. KIM**, of full age certifies as follows:

1.      I am an attorney at law of the State of New Jersey and an associate with the law firm of Genova Burns LLC, located at 494 Broad Street, Newark, New Jersey, attorneys for defendant Piece of Cake Moving & Storage ("Defendant" or "Piece of Cake") in this matter. As such, I have personal knowledge of the facts herein.

2.      On February 21, 2025, I caused to be served on behalf of Defendant, Defendant's Notice of Motion for Leave to File a Third-Party Complaint and supporting brief, Declaration of Counsel with exhibits, a Proposed Form of Order and this Certification of Service via electronic mail upon:

> Clifford Tucker, Esq.
> Sacco & Fillas LLP
> 3119 Newtown Avenue, 7th Floor
> Astoria, New York 11102
> ctucker@saccofillas.com

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

**GENOVA BURNS LLC**
*Attorneys for Defendant,*
*Piece of Cake Moving + Storage LLC*

By: /s/ Jessica B. Kim
JESSICA B. KIM, ESQ.
(Admitted Pro Hac Vice)
115 Broadway, 15th Floor
New York, NY 10016
Telephone: (973) 533-0777
jkim@genovaburns.com

Dated: February 21, 2025