

**Sacco & Fillas, LLP**
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2243
Direct Fax: 718 559-6517

ctucker@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas

Luigi Brandimarte*
Lamont K. Rodgers
Joseph Katz

Malik E. Anderson*
Scott L. Appelbaum
Joseph Badalov
James R. Baez*
Joseph Benincasa
Jack Berry
Victor I. Bota*
Nathan A. Brill*
Joanne Ciaramella
David A. Craven
Alex Diaz
Christopher DelCioppio*
Kurt A. Doiron
Jennifer Fleming
Ronald B. Groman
Madeline Howard
Zachary S. Kaplan
James Y. Kim*
Eric Lopez
Patricia R. Lynch
John P. Margand
Albert R. Matuza, Jr.
Diamanda Papagiannakis
Leopld Raic
Philip R Reid*
Bryan Schenkman
Richard E. Schirmer
Morris J. Schlaf*
Lantao Sun
William W. Walis
Michael S. Warycha
Zachary J. Zain
Alex Zhang
Anthony J. Zullo

*Also admitted in New Jersey

April 29, 2025

**VIA ECF**
Honorable Magistrate Judge Robert M. Levy
United States District Court - Eastern District of New York,
225 Cadman Plaza East, Courtroom 11BS
Brooklyn, New York 11201

Re:      *Cristian Cedeno v. Piece of Cake Moving & Storage LLC., et al.*
Case No.:      1:24-cv-05207-RPK-RML

Your Honor,

This office represents Plaintiff in the above-referenced matter. Plaintiff respectfully submits this letter in opposition to Defendants' letter dated April 23, 2025 (ECF No. 23). For the reasons set forth below, the Court should deny Defendants' motion in its entirety.

First, Defendants' motion should be denied because it is premised on a mischaracterization of Plaintiff's discovery responses, supplemental disclosures, and the discussions that preceded the filing of their letter motion.

Defendants failed to enclose copies of the discovery requests or Plaintiff's responses with their letter motion, and as a result, have failed to provide the Court with sufficient information to decide the instant motion. *See Alberty v. Hunter*, 343 F.R.D. 1, 6 (D. Conn. 2022) ("when a party files a motion to compel, it bears the initial burden to show the relevance of the information it seeks."). Even if Defendants had included the relevant discovery materials, their request should still be denied. Plaintiff timely served comprehensive responses to Defendants' demands, including medical records, medical authorizations, police reports, authorizations for records related to state crime victims services offices, and photographs. Plaintiff also served detailed responses to interrogatories and later supplemented those responses—at Defendants' request—with documents concerning earnings from another employer, and additional interrogatory responses on April 2, 2025. Counsel for Plaintiff responded to Defendants' request for a conference call by sending a comprehensive written email addressing each of the issues raised and confirming that all written discovery responses had been served. Plaintiff's counsel also placed a phone call to Defense counsel on April 21, 2025 (and emailed), which went to voicemail and was not returned prior to the Defendants filing their April 23, 2025 letter motion. Accordingly, the record demonstrates that Plaintiff made proper objections, provided all responsive records to the extent any were outstanding, and engaged in a good faith effort to resolve the issues raised without judicial intervention.

**Main Office**
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

**Bayside Office**
42-40 Bell Boulevard
Suite 300
Bayside, NY 11361

**Manhattan Office**
32 Broadway
Suite 1818
New York, NY 10004

**New Jersey Office**
2160 North Central Road
Suite 306
Fort Lee, NJ 07024



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

(i) In response to Defendants' requests for information regarding medical providers who treated Plaintiff for a prior head injury, Plaintiff had already produced all medical records and authorizations known to counsel's office. Plaintiff's counsel notified Defendants that these materials reflected the full extent of information currently available. The prior head injury occurred when Plaintiff was approximately nine years old—nearly thirty years ago—and Plaintiff, who is now 38, understandably does not recall the identities of the providers involved in his treatment at that time. Nonetheless, even before Defendants filed the instant motion, Plaintiff's counsel indicated a willingness to supplement Interrogatory Nos. 5 and 18 should additional information become available. Subsequent investigation confirmed that Plaintiff could not recall where he sought treatment at age nine, and that he was not under active treatment for the injury in the time leading up to the date of the occurrence at issue in this case.

(ii) In response to Defendants' request regarding "efforts [Plaintiff] made to seek employment since August 7, 2023" (Interrogatory No. 15; Document Request No. 21), Plaintiff had already stated that he has been disabled from working and has been unable to pursue any employment opportunities since the retaliatory attack by Defendants. Accordingly, there are no additional documents or information to supplement in response to this request.

(iii) In response to Defendants' request for "all sources of income received since January 1, 2015" (Interrogatory No. 16; Document Request Nos. 11 and 12), Plaintiff objected to the production of tax returns pursuant to *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015), and *Kim v. Eco Pro LLC*, No. CV 22-07281-JXN-AME, 2024 WL 1006262, at *4 (D.N.J. Mar. 8, 2024). Subject to those objections, Plaintiff identified a prior employer as a source of income.[1]

Second, the Court should deny Defendants' motion because Defendants have mischaracterized the parties' discussions regarding depositions. Plaintiff did not fail to appear for depositions. On or about February 21, 2025, Defendants identified additional potential parties—Lena Moving, Inc. ("Lena Moving") and Miro Saranovic ("Saranovic")—who were previously unknown to Plaintiff and were revealed through Defendants' own disclosures. Defendants then sought to assert claims against Lena Moving and Saranovic. *See* ECF Nos. 14, 16. Plaintiff

---

[1] Defendants failed to include copies of the discovery demands, responses, or supplemental responses with their motion. Nor did they accurately describe the objections interposed or the discovery that was, in fact, provided. Considering the sensitive nature of certain materials—such as medical information, financial records, and identification of non-parties—we respectfully request that, should the Court find it necessary to review the discovery materials in detail, such review be conducted via screen sharing during a conference, rather than through public filing. We thank the Court for its consideration of this request.



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

likewise sought to add Lena Moving and Saranovic as Defendants. *See* ECF No. 17. The parties' respective motions to amend the pleadings were granted on April 21, 2025. *See* ECF No. 21; Court Order dated April 21, 2025. Considering these developments, and to avoid duplicative depositions and discovery, Plaintiff reasonably proposed that depositions be scheduled after Lena Moving and Saranovic have appeared in the case and exchanged written discovery. This approach aligns with the purpose of the Federal Rules of Civil Procedure—to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Moreover, the Court has discretion to control the timing and sequence of discovery, including depositions. Plaintiff's proposal to hold depositions after Lena Moving and Saranovic exchange written discovery is not only reasonable, but also in line with the Court's ability to manage the discovery process efficiently. Conducting depositions before the new parties are formally added (who only Defendants could have identified sooner) would be unnecessarily duplicative and would result in increased costs for all parties involved.

Additionally, Fed. R. Civ. P. 26(b)(1) requires that discovery be proportional to the needs of the case. Given that Plaintiff's proposal would ensure that all relevant parties are included and prepared, it is a proportional and efficient approach that avoids unnecessary costs and delays. There is no prejudice to Defendants in deferring the depositions as Plaintiff proposed. Both parties sought to add the same new Defendants, and the delay simply ensures that all parties have an equal opportunity to participate in discovery, in accordance with the principles of fairness and efficiency.

Defendants' assertion that Plaintiff unilaterally delayed mediation is inaccurate. The parties agreed to adjourn mediation due to case developments that made proceeding with early mediation impractical: (1) the need for all parties to obtain and review medical records relevant to Plaintiff's injuries, and (2) the recent addition of Lena Moving and Miro Saranovic as Defendants, who had not yet appeared in the action. Meaningful mediation requires a developed record regarding medical evidence, which could not be obtained until those developments were addressed. Furthermore, Plaintiff maintains that mediation should take place after addition of all parties and before depositions to advance the objectives of the Federal Rules of Civil Procedure, which are to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This approach is also consistent with the mission of the Mediation Program of the United States District Court for the Southern District of New York, which is "to provide quality dispute resolution services at the earliest practicable stage." Mediation & ADR, U.S. Dist. Ct. for the S. Dist. of N.Y., https://www.nysd.uscourts.gov/programs/mediation-adr (last visited Apr. 30,

3

---

Case 1:24-cv-05207-RPK-RML   Document 25   Filed 04/30/25   Page 4 of 4 PageID #: 279



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

2025). Requiring depositions before mediation would impose unnecessary litigation costs and diminish the likelihood of early, efficient resolution.

In sum, Defendants received comprehensive responses to their discovery requests, along with supplementation and good-faith communications addressing their inquiries, well before the filing of the instant motion. Plaintiff has produced responsive documents, provided detailed interrogatory responses, and supplemented as additional information became available. To the extent any further supplementation is appropriate, Plaintiff has indicated a willingness to do so, including making efforts to identify medical providers from nearly thirty years ago despite limited recollection. Plaintiff further submits that depositions should be scheduled after Lena Moving and Miro Saranovic are joined in the case and have had an opportunity to participate in discovery. Defendants first identified these additional parties in February 2025, and the parties acted diligently thereafter to amend the pleadings. Proceeding with depositions only after all parties are present promotes efficiency, avoids duplicative testimony, and supports the fair and economical administration of the case. This approach also aligns with the proportionality principles of Federal Rule of Civil Procedure 26(b)(1), which considers whether discovery is cumulative or duplicative and whether the burden of the proposed discovery outweighs its likely benefit. Discovery should be sequenced to promote fairness, avoid prejudice, and facilitate meaningful participation by all parties. Plaintiff's proposal to proceed with depositions after all defendants are joined and written discovery is exchanged reflects a reasonable and orderly process designed to preserve judicial economy and the integrity of the factual record, consistent with Rule 1's directive to "secure the just, speedy, and inexpensive determination of every action and proceeding."

For the foregoing reasons, the Defendants' motion should be denied. We thank the Court for the time and attention to this matter.

Respectfully submitted,

By: _____/s/ Clifford Tucker_____

Clifford Tucker, Esq.