UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTIAN CEDENO,<br><br>      Plaintiff,<br><br>-against-<br><br>PIECE OF CAKE MOVING + STORAGE LLC, JOHN DOE, LENA MOVING, INC. and MIRO SARAVONIC,<br><br>      Defendants. | Case No.:<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, by and through the undersigned attorneys, Sacco & Fillas LLP, for the complaint against the above-named Defendants hereby alleges as follows, upon information and belief:

1. **NATURE OF THE ACTION**

    1. This legal action stems from an incident involving an attack perpetrated by Defendant JOHN DOE, supervisor of Plaintiff, who was employed by Defendant PIECE OF CAKE MOVING+STORAGE LLC, against the Plaintiff in the course of Plaintiff's employment with Defendants.

    2. This attack stemmed from Defendants' violations of the Fair Labor Standards Act , 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 19, et seq. ("NYLL"), and Plaintiff engaging in protected activity under those same laws.

    3. This legal action seeks redress for the physical harm, emotional distress, and cost suffered by the Plaintiff due to the actions of Defendants. This action also seeks to recover damages for unpaid wages, liquidated damages, statutory damages, back pay, attorney's fees, costs, and interest pursuant to the FLSA 29 U.S.C. § 201, et seq. and NYLL § 190, et seq.

2. **JURISDICTION**

    4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's assault, battery,

intentional inflection of emotional distress, negligence, and NYLL claims pursuant to 28 U.S.C. § 1367.

3. **VENUE**

    5.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as it is where a substantial part of the events leading to this claim occurred.

4. **PARTIES**

  **4.1. Plaintiff CRISTIAN CEDENO**

    6.    Plaintiff CRISTIAN CEDENO is an adult individual who resides in Delaware County, Pennsylvania.

    7.    Plaintiff was employed by Defendants as a laborer on August 7, 2023.

  **4.2. Defendant PIECE OF CAKE MOVING + STORAGE LLC.**

    8.    Defendant PIECE OF CAKE MOVING + STORAGE LLC. is a domestic limited liability company.

    9.    Defendant PIECE OF CAKE MOVING + STORAGE LLC. transacts business within the state of New York.

    10.    Defendant PIECE OF CAKE MOVING + STORAGE LLC. contracts to supply goods or services in the state of New York.

    11.    Defendant PIECE OF CAKE MOVING + STORAGE LLC. committed tortious acts within the state of New York, as described herein.

    12.    Defendant PIECE OF CAKE MOVING + STORAGE LLC. regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

13. Defendant PIECE OF CAKE MOVING + STORAGE LLC. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

14. Defendant PIECE OF CAKE MOVING + STORAGE LLC. owns, uses, or possesses real property situated within the state of New York.

15. At all times herein, Defendant JOHN DOE was acting as an agent for Defendant PIECE OF CAKE MOVING + STORAGE LLC.

16. Defendant PIECE OF CAKE MOVING + STORAGE LLC is "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. Defendant PIECE OF CAKE MOVING + STORAGE LLC has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. In each of the three years preceding the filing of this Complaint, Defendant PIECE CAKE LLC's annual gross volume of sales exceeded $500,000.00.

19. Defendant PIECE OF CAKE MOVING + STORAGE LLC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

20. Defendant PIECE OF CAKE MOVING + STORAGE LLC. exercised control, oversight, and direction over Plaintiff.

21. Defendant PIECE OF CAKE MOVING + STORAGE LLC. applied the same employment policies, practices, and procedures to all employees including Plaintiff, including

policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

22.     Defendant PIECE OF CAKE MOVING + STORAGE LLC. is a covered employer within the meaning of the NYLL and FLSA, and employed Plaintiff.

### 4.3. Defendant JOHN DOE

23.     Defendant JOHN DOE is a supervisor in the employ of Defendant PIECE OF CAKE MOVING + STORAGE LLC.

24.     Defendant JOHN DOE transacts business within the state of New York.

25.     Defendant JOHN DOE contracts to supply goods or services in the state of New York.

26.     Defendant JOHN DOE committed tortious acts within the state of New York, as described herein.

27.     Defendant JOHN DOE regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

28.     Defendant JOHN DOE expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

29.     Defendant JOHN DOE owns, uses, or possesses real property situated within the state of New York.

30.     Defendant JOHN DOE hired Plaintiff.

31.     Defendant JOHN DOE supervised Plaintiff.

32.     Defendant JOHN DOE managed Plaintiff.

33.     Defendant JOHN DOE paid wages of Plaintiff.

34.     Defendant JOHN DOE scheduled the work hours of Plaintiff.

35. Defendant JOHN DOE controlled the terms and conditions of employment of Plaintiff.

36. Defendant JOHN DOE kept payroll records, if any, regarding Plaintiff.

37. Defendant JOHN DOE had power to fire Plaintiff.

38. Defendant JOHN DOE is an employer under the FLSA and NYLL.

39. Defendant JOHN DOE exercised sufficient control over the operations of Defendant PIECE OF CAKE MOVING + STORAGE LLC to be considered an employer under the FLSA and NYLL.

### 4.4. Defendant LENA MOVING, INC.

40. Defendant LENA MOVING, INC. is a domestic business corporation, licensed to do business and doing business in the County of Queens, State of New York.

41. Defendant LENA MOVING, INC. transacts business within the state of New York.

42. Defendant LENA MOVING, INC. contracts to supply goods or services in the state of New York.

43. Defendant LENA MOVING, INC. committed tortious acts within the state of New York, as described herein.

44. Defendant LENA MOVING, INC. regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

45. Defendant LENA MOVING, INC. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

46. Defendant LENA MOVING, INC. owns, uses, or possesses real property situated within the state of New York.

47. Defendant LENA MOVING, INC. is "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

48. Defendant LENA MOVING, INC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

49. In each of the three years preceding the filing of this Complaint, Defendant LENA MOVING, INC. annual gross volume of sales exceeded $500,000.00.

50. Defendant MIRKO SARANOVIC is the designated agent for service of process for Defendant LENA MOVING, INC.

51. Defendant LENA MOVING, INC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

52. Upon information and belief, Defendant LENA MOVING, INC. jointly employed Plaintiff.

53. Defendant LENA MOVING, INC. exercised control, oversight, and direction over Plaintiff.

54. Defendant LENA MOVING, INC. applied the same employment policies, practices, and procedures to all employees including Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

55. Defendant LENA MOVING, INC. is a covered employer within the meaning of the NYLL and FLSA and employed Plaintiff.

**4.5. <u>Defendant MIRO SARAVONIC</u>**

56. Defendant MIRO SARAVONIC owns Defendant LENA MOVING, INC.

57. Defendant MIRO SARAVONIC is a supervisor in the employ of Defendant PIECE OF CAKE MOVING + STORAGE LLC.

58. Defendant MIRO SARAVONIC transacts business within the state of New York.

59. Defendant MIRO SARAVONIC contracts to supply goods or services in the state of New York.

60. Defendant MIRO SARAVONIC committed tortious acts within the state of New York, as described herein.

61. Defendant MIRO SARAVONIC regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

62. Defendant MIRO SARAVONIC expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

63. Defendant MIRO SARAVONIC owns, uses, or possesses real property situated within the state of New York.

64. Defendant MIRO SARAVONIC exercised sufficient control over the operations of Defendant LENA MOVING, INC. to be considered an employer under the FLSA and NYLL.

65. Defendant MIRO SARAVONIC resides at 34-32 10TH ST APT 2F, ASTORIA, NY, 11106.

66. At all times alleged herein, Defendant MIRO SARAVONIC was acting as an employee, agent, or servant of Defendant LENA MOVING, INC.

7

67. At all times alleged herein, Defendant MIRO SARAVONIC was acting as an employee, agent, or servant of Defendant PIECE OF CAKE MOVING + STORAGE LLC.

68. Defendant MIRO SARAVONIC exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

69. Defendant MIRO SARAVONIC is a covered employer within the meaning of the NYLL and FLSA and employed Plaintiff.

## 5. FACTUAL ALLEGATIONS

70. On August 7, 2023, Plaintiff was employed by Defendants to move, unload, and reload furniture, between Sands Street and Gold Street in Kings County, New York.

71. Plaintiff worked from 7:45 AM to 6:45 PM.

72. At the end of Plaintiff's shift, Plaintiff brought up concerns regarding his pay to Defendant MIRKO SARANOVIC or JOHN DOE, an agent, employee, servant, or assign of Defendant PIECE OF CAKE MOVING +STORAGE LLC and/or LENA MOVING INC.. Specifically, that he was only being paid $120.00 for an entire day's work.

73. Defendant MIRKO SARANOVIC or JOHN DOE then attacked Plaintiff after Plaintiff brought up the issue of pay. Defendant MIRKO SARANOVIC or JOHN DOE violently pushed Plaintiff off the truck bed, to the asphalt on the street. Plaintiff's head impacted against the street and causing grievous physical harm and distress.

74. The injuries Plaintiff sustained required and still requires medical care.

8

75. Defendant MIRKO SARANOVIC or JOHN DOE was acting as an agent, employee, servant, or assign of Defendant PIECE OF CAKE MOVING +STORAGE LLC and/or LENA MOVING INC when he attacked Plaintiff.

76. Plaintiff has not even been paid the promised compensation by Defendants for his work.

## 6. CAUSES OF ACTION

### 6.1. Assault

77. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

78. An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact.

79. A defendant is liable for assault when (he, she) intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact.

80. Defendants committed assault as alleged herein.

81. Defendants intended by doing so to cause the Plaintiff to become apprehensive that a harmful or offensive bodily contact was about to occur.

82. Defendants had the real or apparent ability to carry out the threat.

83. The Plaintiff had such apprehension.

84. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**6.2. Battery**

85. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

86. A person who intentionally touches another person, without that person's consent, and causes offensive bodily contact commits a battery and is liable for all damages resulting from (his, her) act.

87. Defendants battered Plaintiff as alleged herein.

88. Defendants intentionally engaged in battery as alleged herein and such contact with Plaintiff was offensive.

89. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**6.3. Interference with Person or Property—Outrageous Conduct Causing Emotional Distress**

90. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

91. One who intentionally and for the purpose of causing severe emotional distress, recklessly conducts himself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress.

92. Defendants' conduct towards Plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the community would tolerate.

93. Defendants' conduct caused severe emotional distress to Plaintiff.

10

94. Defendants acted either with the desire to cause such distress to Plaintiff; under circumstances known to Defendant which made it substantially certain that that result would follow; or recklessly and with utter disregard of the consequences that might follow.

95. Defendants likewise owed a duty of care to the Plaintiff to avoid engaging in behavior which would foreseeably inflict emotional distress.

96. Despite owing such duty, Defendants negligently breached that duty of care, leading to the emotional distress suffered by Plaintiff.

97. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 6.4. Fair Labor Standards Act – Unpaid Minimum Wages

98. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

99. At all times relevant, Plaintiff is, was, or has been an employee of Defendant(s) within the meaning of 29 U.S.C. §§ 201 et seq.

100. At all times relevant, Defendant(s) have been employers of Plaintiff, and engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

101. Defendant(s) have failed to pay Plaintiff the minimum wages to which he is entitled to under the FLSA.

102. Defendant(s)' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant(s) were aware or should have been aware that the practices described in this Complaint were unlawful. Defendant(s) have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

103. Because Defendant(s)' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

104. As a result of Defendant(s)' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### 6.5. New York Labor Law - Unpaid Minimum Wages

105. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

106. Defendant(s) have engaged in a pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

107. At all times relevant, Plaintiff has been an employee of Defendant(s), and Defendant(s) have been employers of Plaintiff and FLSA Collective within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

108. Defendant(s) have failed to pay Plaintiff the minimum hourly wages to which he is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

109. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

110. Due to Defendant(s)' willful violations of the NYLL, Plaintiff is entitled to recover from Defendant(s) their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### 6.6. Fair Labor Standards Act- Retaliation

111. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

12

112. 29 U.S.C. § 215 of the FLSA prohibits employers from discharging or discrimination of any kind against an employee because an employee has made any complaint to his or her employer regarding conduct which, in the employee's reasonable and in good faith belief violates the FLSA.

113. As described above, Plaintiff was an employee within the meaning of the FLSA.

114. As described above, Defendants were and are employers within the meaning of the FLSA.

115. As also described above, Plaintiff engaged in activity protected under the FLSA by raising the issue of minimum wage regarding his wages. In retaliation, Defendants assaulted and attacked Plaintiff.

116. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA. Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

117. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, physical injuries, depression, humiliation, stress, loss of self esteem and self confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

118. Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorney's fees for Defendants' violations of the FLSA's anti-retaliation provisions.

119.

**6.7. New York Labor Law- Retaliation**

120. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

13

121. Section 215 of the NYLL as amended, prohibits employers from retaliating against an employee because an employee has made a complaint to his or her employer that the employer has engaged in conduct that the employee reasonably and in good faith believes violates any provision under or related to the NYLL.

122. As described above, Plaintiff was an employee within the meaning of the NYLL.

123. As described above, Defendants were and are employers within the meaning of the NYLL.

124. As also described above, Plaintiff engaged in activity protected under the NYLL by raising the issue of minimum wage regarding his wages. In retaliation, Defendants assaulted and attacked Plaintiff.

125. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL. Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

126. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, physical injuries, depression, humiliation, stress, loss of self esteem and self confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

127. Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorney's fees for Defendants' violations of the NYLL's anti-retaliation provisions.

128. Pursuant to NYLL §215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

**6.8. Unpaid Spread-of-Hours Pay**

129. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

130. N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

131. Plaintiff worked more than ten (10) hours in a day.

132. Defendant(s) did not pay Plaintiff an additional hour's pay when they worked more than ten (10) hours in a day.

133. Consequently, by failing to pay to Plaintiff an additional hour's pay when Plaintiff( worked more than ten (10) hours in a day, Defendant(s) violated N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4.

134. By the foregoing reasons, Defendant(s) have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

**6.9. Negligence**

135. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

136. Negligence is lack of ordinary care.

137. Defendants owed Plaintiff a duty of care to refrain from attacking and assaulting him.

138. Defendants breached their duty of care by attacking and assaulting him.

15

139. Defendants were negligent, careless, and reckless in failing to use that degree of care that a reasonably prudent person would have used under the same circumstances.

140. Defendants created a reasonably foreseeable danger of injury to Plaintiff and their misconduct was unreasonable in proportion to any danger.

141. Defendants were also guilty of gross negligence or willful misconduct.

142. Defendants engaged in conduct intentionally or failed to stop acting in a way that would probably result in injury or damage to Plaintiff.

143. Defendants were reckless in their behavior, as set forth herein.

144. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness, and willful misconduct, Plaintiff suffered physical injuries, emotional distress, and financial damages.

145. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

146. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

## 7. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands damages against Defendants as follows:

a. in each of the first, second, third, and ninth causes of action, economic and non-economic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest, in excess of the minimum monetary subject matter jurisdiction of this court and in

amounts to be determined at trial and such other and further relief as this Court deems proper;

 b. Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations.

 c. Unpaid minimum wages, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

 d. Back pay, front pay, mental anguish and emotional distress damages, attorney's fees, and costs for Plaintiff's FLSA retaliation claims;

 e. Back pay, front pay, mental anguish and emotional distress damages, attorney's fees, and costs for Plaintiff's NYLL retaliation claims;

 f. Prejudgment and post-judgment interest;

 g. Reasonable attorneys' fees and costs of the action; and

 h. Such other relief as this Court shall deem just and proper.

## 8. **JURY TRIAL DEMAND**

147. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Astoria, New York  
   March 5, 2025

Respectfully submitted,

By:  */s/ Clifford Tucker*  
 Clifford Tucker, Esq.,  
 Sacco & Fillas LLP  
 3119 Newtown Ave, Seventh Floor  
 Astoria, NY 11102  
 Tel: 718-269-2243  
 Fax: 718-559-6517  
 ctucker@SaccoFillas.com  
 *Attorneys for Plaintiff*

## DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 1102 OF THE NEW YORK STATE LIMITED LIABILITY COMPANY LAW

**TO**: PIECE OF CAKE MOVING + STORAGE LLC

PLEASE TAKE NOTICE, that Plaintiff as an employee of the above limited liability company who intends to demand, pursuant to the provisions of Section 1102 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above limited liability company within the three (3) years preceding the date of this notice from members of the above limited liability company, and who has expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, a copy of the limited liability company's federal, state and local income tax or information returns and reports, if any, for the three most recent fiscal years of the above company and to make extracts therefrom.

| | |
|---|---|
| Dated: Astoria, New York<br>March 5, 2025 | SACCO & FILLAS LLP<br><br>By:   */s/ Clifford Tucker*<br>    Clifford Tucker, Esq.<br>    3119 Newtown Ave, Seventh Floor<br>    Astoria, NY 11102<br>    Tel: 718-269-2243<br>    Fax: 718-559-6517<br>    ctucker@SaccoFillas.com<br>    *Attorneys for Plaintiffs* |

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: PIECE OF CAKE MOVING + STORAGE LLC, and LENA MOVING, INC.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of PIECE OF CAKE MOVING + STORAGE LLC, and LENA MOVING, INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York  
        March 5, 2025

SACCO & FILLAS LLP

By: _____*/s/ Clifford Tucker*_____  
Clifford Tucker, Esq.  
3119 Newtown Ave, Seventh Floor  
Astoria, NY 11102  
Tel: 718-269-2243  
Fax: 718-559-6517  
CTucker@SaccoFillas.com  
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: PIECE OF CAKE MOVING + STORAGE LLC, and LENA MOVING, INC.

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
March 5, 2025

SACCO & FILLAS LLP

By: _____*/s/ Clifford Tucker*_____
Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-559-6517
CTucker@SaccoFillas.com
*Attorneys for Plaintiffs*