

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

Jessica B. Kim, Esq.
Associate
Member of NJ & NY Bar
Jkim@GenovaBurns.com
Direct Dial: 973.230.2082

August 6, 2025

**VIA ECF**

Honorable Magistrate Judge Robert M. Levy
United States District Court - Eastern District of New York,
225 Cadman Plaza East, Courtroom 11BS
Brooklyn, New York 11201

  Re: **Cristian Cedeno v. Piece of Cake Moving & Storage LLC.,** *et al.*
    **Case No.: 1:24-cv-05207**

Dear Judge Levy,

  This firm represents Piece of Cake Moving & Storage LLC ("Piece of Cake" or "Defendant") in the above-referenced matter. Defendant respectfully submits this letter in response to Plaintiff's correspondence to the Court requesting the Court to reconsider its Order issued on August 3, 2025, permitting Defendant to take Plaintiff's continued deposition in-person.

  As an initial matter, Plaintiff also does not deny that the prior deposition was plagued by technical issues. Nor does he dispute that he appeared by cellphone, which impaired the effectiveness of the examination as Plaintiff was at times unable to view exhibits presented and had to stand outside in the heat due to internet connectively issues.

  Contrary to Plaintiff's assertion, Defendant did not mischaracterize Plaintiff's testimony. Plaintiff's own sworn statements during deposition revealed that his children are in Ecuador.

  Q. Mr. Cedeno, do your three children live with you?

  MR. TUCKER: Objection again.

  A. I have my boy and the two girls live in Ecuador.

  MS. KIM: I'm sorry, he said two boys, one girl?

  THE INTERPRETER: No, he say my boy and two girls living in Ecuador. I have my boy and two girls living in Ecuador.

  MS. KIM: Okay.



Honorable Magistrate Judge Robert M. Levy
Page 2
August 6, 2025

***

Q. If you are currently in the United States and your wife, the mother of the three children, is in the United States, who's taking care of your children?

MR. TUCKER: Objection, don't answer that, palpably improper question.

Based on Plaintiff's testimony and the objection from his counsel that precluded further clarification, it was reasonable to infer from Plaintiff's testimony that he did not have childcare responsibilities in the United States. Had Plaintiff's counsel not interjected with improper objections and instructed Plaintiff not to answer a relevant line of questioning, the issue now before the Court could have been clarified during the deposition.

Interestingly, Plaintiff now offers conflicting statements about his family structure. During the deposition, Plaintiff unambiguously testified that his "wife" is the mother of his three children. However, in his recent submission to the Court, Plaintiff claims that one of his daughters is from a prior relationship and the other is a stepdaughter. This inconsistency is one of several that undermine Plaintiff's credibility and further supports the need for an in-person deposition to ensure a full and accurate examination.

Plaintiff's credibility is central to this case. At his deposition, Plaintiff admitted that critical allegations in his Complaint regarding his compensation and how he sustained his alleged injury on the date of accident were incorrect. The inconsistencies raise serious concerns about the allegations pled against the Defendant. Therefore, the Defendant should be entitled to examine the Plaintiff in an in-person setting to ensure the integrity of the discovery process.

Moreover, Defendant intends to question the Plaintiff about his medical treatment at the continued deposition, and it is anticipated that there will be several additional documents that will need to be presented to the Plaintiff about his alleged TBI injury. Given the inconsistencies that have come to light in paper discovery, the Defendant should be entitled to question the Plaintiff about his alleged TBI injuries in person. Accordingly, the Defendant respectfully request that the Court deny Plaintiff's request to proceed remotely and order that the continued deposition occur in person as initially directed.

With respect to Defendant's motion to compel, consistent with the Court's guidance, the Defendant will defer filing the motion until after the August 20, 2025, mediation in an effort to minimize costs. It is Defendant's position that Plaintiff's counsel raised improper objections at the time of Plaintiff's depositions which directly relate to his lost wages claim against the Defendant. This issue will be fully briefed in Defendant's forthcoming motion to compel.



Honorable Magistrate Judge Robert M. Levy
Page 2
August 6, 2025

    In sum, the Order permitting Defendant to proceed with Plaintiff's deposition in person should remain in effect. Modifying the Order would result in significant prejudice to Defendant, as there are serious credibility concerns that are central to the defense of this matter. Additionally, the prior deposition was hindered by technical issues and delays caused by the need for translation, further warranting that Plaintiff appear for an in-person deposition.

    We thank Your Honor for his time and attention to this matter.

    Respectfully submitted,

    **GENOVA BURNS LLC**
    */s/ Jessica Kim*
    JESSICA B. KIM, ESQ.

cc: Clifford Tucker, Esq. (via email ctucker@saccofillas.com )